# EXHIBIT D

05/01/2024
DECLARATION OF
HOLLY A. SKULSTAD

# EXHIBIT D

AARON D. FORD
  Attorney General
SAMUEL L. PEZONE, JR. (Bar No. 15978)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
(702) 486-4070 (phone)
(702) 486-3773 (fax)
Email: spezone@ag.nv.gov

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LEANDRE MARTELL, | Case No. 2:22-cv-00858-RFB-BNW |
| Plaintiff, | |
| v. | **DECLARATION OF** |
| JULIE WILLIAMS, et al., | **HOLLY A. SKULSTAD** |
| Defendants. | |

I, Holly A. Skulstad, being first duly sworn, under penalty of perjury under the laws of the United States deposes and says:

1.      I am employed as a Correctional Classification and Planning Specialist by the State of Nevada and the Nevada Department of Corrections, assigned to the Offender Management Division (OMD), having as my place of employment, Carson City, Nevada.

2.      I was contacted by counsel in the matter of *Martell v. Williams, et al.*, now proceeding in the United States District Court, District of Nevada, as Case Number 2:22-cv-00858-RFB-BNW. I make this declaration in support of Defendants' Motion for Summary Judgment.

3.      The NDOC's Offender Management Division's Sentence Management Section is responsible for recording offender sentences and calculating parole eligibility and discharge dates based upon NRS 209.4465.

4.      NRS 209.4465 requires OMD to allocate "statutory good time credit" or "stat time" to an offender's eligible sentences as follows:

> 1.      An offender who is sentenced to prison for a crime committed on or after July 17, 1997, who has no serious infraction of the regulations of the Department, the terms and conditions of his or her residential confinement or the laws of the State recorded against the offender, and who performs in a faithful, orderly and peaceable manner the duties assigned to the offender, must be allowed:
> (a)      For the period he is actually incarcerated pursuant to his sentence;
> (b)      For the period the offender is in residential confinement; and
> (c)      For the period the offender is in the custody of the Division of Parole and Probation of the Department of Public Safety pursuant to NRS 209.4886 or 209.4888,
> a deduction of 20 days from his sentence for each month he serves.
>
> ***
> ***
>
> 7.      Except as otherwise provided in subsections 8 and 9, Credits earned pursuant to this section:
> (a)      Must be deducted from the maximum term imposed by the sentence; and
> (b)      Apply to eligibility for parole unless the offender was sentenced pursuant to a statute which specifies a minimum sentence that must be served before a person becomes eligible for parole.[1]
> 8.      Credits earned pursuant to this section by an offender who has not been convicted of:
> (c)      Any crime that is punishable as a felony involving the use or threatened use of force or violence against the victim;
> (d)      A sexual offense that is punishable as a felony; and
> (e)      A violation of NRS 484C.110, 484C.120, 484C.130 or 484C.430 that is punishable as a felony; or
> (f)      A category A or B felony,
> apply to eligibility for parole and, except as otherwise provided in subsection 9, must be deducted from the minimum term or the minimum aggregate term imposed by the sentence, as applicable, until the offender becomes eligible for parole and must be deducted from the maximum term or the maximum aggregate term imposed by the sentence, as applicable.

5.      When sentences eligible for credit are run concurrently, eligible credits earned during the pendency of all concurrent sentences are normally applied to each and every sentence.

6.      The staff at OMD are the only individuals who apply statutory credits to offenders' sentences. The Wardens, Associate Wardens, and caseworkers do not calculate

---

[1]    1997 Nev. Stat., 641, § 4, at 3175.

or apply statutory credits to offenders' sentence structures.

7. OMD utilizes the Offender Sentence Management System (OSM) to enter and calculate an offender's credits toward their sentences, and thereby ascertain their sentences' individual parole eligibility dates and expiration dates.

8. I am familiar with OSM, the data contained therein, and the reports that OSM can generate. The Credit History Report is one such report. It can only be generated per sentence, with which it can be used to show the breakdown of credits, including the date, type and amount of credit accrued for either minimum or the maximum term of the offender's sentence. On these reports, statutory good time credits are coded as "STAT" credits; where the sentence and offender are eligible for statutory credit of the minimum and/or the maximum sentence, the report will show the offender earning a projected 20 statutory good time credit for each month OSM projects their sentence to run. There is no single form OSM can generate that contains this same information regarding all of an offender's sentences.

9. I hereby certify that records attached hereto as Exhibits E and F are true and correct copies of Credit History Reports for each of Offender Leandre Martell's (Martell) concurrent sentences in C-21-356786-1 and C-21-356464-1. These records are generated through OSM and maintained in the ordinary course of business by OMD.

10. Martell began his concurrent sentences in C-21-356786-1 and C-21-356464-1 on August 26, 2021, and August 23, 2021. Martell's sentence in C-21-356464-1 was for "Attempt Coercion," a felony which can involve the "use of violence" or attempts "to intimidate...by threat of force" against a victim. *See* NRS 207.190. Martell's sentence in C-21-356786-1 was for "Battery Constituting Domestic Violence – Strangulation," a felony which by its very nature implies use of violence against the victim. *See* NRS 200.481.

11. As both convictions were for "felon[ies] involving the use or threatened use of force or violence against the victim," both fall under NRS 209.4465(8)(a), and both sentences were only eligible to earn statutory good time credits toward the sentences' expiration dates—not toward the parole eligibility dates.

12.    The Credit History Reports reflect that from the dates of sentencing going forward, Martell received 20 statutory good time credits every month towards his sentence expiration date in compliance with NRS 209.4465(1). The reports do not reflect that these credits were ever forfeited due to disciplinary sanctions or misconduct by Martell.

13.    The Eighth Judicial District Court, not OMD or the NDOC, determines Martell's convictions, and neither OMD nor NDOC have the authority by grievance to change Martell's underlying conviction. His only recourse would have been to file an appeal or some form of writ regarding his convictions.

14.    Thus, if any of Martell's grievances regarding good time credit had been referred to OMD for a response, OMD's response would have been that Martell was receiving all of the good time credit his convictions render him eligible for.

FURTHER I declare under penalty of perjury pursuant to 28 U.S.C § 1746 that the foregoing is true and correct.

EXECUTED this 1st day of May 2024.

_/s/ Holly A. Skulstad_____
HOLLY A. SKULSTAD