# EXHIBIT G

AR 740
EFFECTIVE 11/20/2018

# EXHIBIT G

# NEVADA DEPARTMENT OF CORRECTIONS
# ADMINISTRATIVE REGULATION
# 740

## INMATE GRIEVANCE PROCEDURE

**Supersedes:** AR 740 (02/12/10); and AR 740 (Temporary, 06/16/14); 09/16/14; (Temporary, 01/03/17); 03/07/17; 08/30/17
**Effective Date:** Temporary 11/20/18

**AUTHORITY:** NRS 209.131, 209.243; 41.031; 41.0322; 41.0375; 42 U.S.C. § 15601, *et seq.* and 28 C.F.R. Part 115

**PURPOSE:**

The purpose of this Administrative Regulation ("AR") is to set forth the requirements and procedures of the administrative process that Nevada Department of Corrections ("NDOC") inmates must utilize to resolve addressable grievances and claims including, but not limited to, claims for personal property, property damage, disciplinary appeals, personal injuries, and any other tort or civil rights claim relating to conditions of confinement. Inmates may use the Inmate Grievance Procedure to resolve addressable inmate claims only if the inmate can factually demonstrate a loss or harm. This procedure describes the formal grievance processes and will guide NDOC employees in the administration, investigation, response and resolution of inmate grievances.
The provisions of this AR shall be effective on or after the effective date of this AR. The provisions of this AR are not retroactive and do not apply to incidents and/or claims that occurred prior to the effective date of this AR. Only inmate claims arising out of, or relating to, issues within the authority and control of the NDOC may be submitted for review and resolution by way of the grievance process. A good faith effort will be made to resolve legitimate inmate claims without requiring the inmate to file a formal grievance. This AR does not create any right, liberty or property interest, or establish the basis for any cause of action against the State of Nevada, its political subdivisions, agencies, boards, commissions, departments, officers or employees.

**RESPONSIBILITY**

1. The Director, through the Deputy Directors (DDs), shall be responsible in establishing and supervising an inmate grievance process that provides an appropriate response to an inmate's claim, as well as an administrative means for prompt and fair resolution of, inmate problems and concerns.

2. The Deputy Director or designated Administrator shall be responsible for 2nd level grievances.

3. The Warden through the Associate Wardens (AWs) shall be responsible in managing the grievance process at each institution and any facilities under the control of the parent institution. The AW may designate an Inmate Grievance Coordinator to conduct functions

required by this regulation under the AW authority and supervision.

**740.01   ADMINISTRATION OF INMATE GRIEVANCES**

1. All grievances, whether accepted or not, will be entered into NOTIS.

2. Each institution/facility shall establish locked boxes where all inmates have access to submit their grievances directly to the box. Keys will be issued by the Warden, to an AW and/or a designated staff.

    A. Lock boxes will be maintained in segregation/max units in a manner in which the inmate will be allowed to have direct access. A designated staff may go cell to cell to pick up grievances in segregation /max units due to security and safety concerns, if necessary.

    B. Emergency grievances will be handed to any staff member for immediate processing per this regulation.

3. Grievances will be treated as legal correspondence and will be gathered daily, Monday through Friday, excluding holidays, by the AW or designated Grievance Coordinator(s) and or designated staff member.

4. Grievance forms will be kept in housing units and may be accessed through the unit staff, the unit caseworker or in the Institutional Law Library.

5. Grievances may be GRANTED, DENIED, PARTIALLY GRANTED, ABANDONED DUPLICATE NOT ACCEPTED, OR GRIEVABLE, RESOLVED, SETTLEMENT OR WITHDRAWN or referred to the Investigator General's Office at any level as deemed appropriate after the claim in the grievance has been investigated. PREA grievances shall immediately be referred to the Inspector General. Grievance findings or responses will not be titled "Substantiated."

6. The Grievance Coordinator should record receipts, transmittals, actions, and responses on all grievances to NOTIS within three (3) working days of receipt.

    A. The coordinator should sign, date and enter the approximate time as noted on DOC 3091, 3093 and 3094.

    B. The front page of the grievance should be date stamped the day entered into NOTIS.

7. Monthly and annual grievance reports generated by NOTIS will be reviewed by the Deputy Directors (DDs), Wardens and Associate Wardens (AWs) on a quarterly and annual basis.

**740.02   GRIEVANCE RECORDS**

1. Grievance documents shall be stored at the facility/institution where the grievance issue occurred. The results of the grievance shall be stored in NOTIS.

      A.     Grievance files shall be in separate files for each inmate and maintained in alphabetical order.

      B.     Grievance copies shall not be placed in an inmate's Institutional or Central File, nor shall they be available to employees not involved in the grievance process, unless the employee has a need for the information in the grievance or the responses to the grievance.

2. Grievance files shall be maintained at each institution for a minimum of five (5) years following final disposition of the grievance.

3. Employees who are participating in the disposition of a grievance shall have access to records essential to the disposition of the grievance only.

4. Inmates will not have access to grievance records unless ordered by a court, as grievance records are considered confidential and they may be redacted, if appropriate.

5. Upon completion of each level of the grievance process, the form and copies of all relevant attachments shall be maintained in the inmate's separate grievance file. Originals shall be given to the inmate.

## 740.03   GRIEVANCE ISSUES

1. Inmates may use the Inmate Grievance Procedure to resolve addressable inmate claims, only if the inmate can factually demonstrate a loss or harm. Grievances may be filed to include, but not limited to, personal property, property damage, disciplinary appeals, personal injuries, and any other tort claim or civil rights claim relating to conditions of institutional life. The inmate must state the action or remedy that will satisfy the claim in the grievance.

      A.     If the inmate does not factually demonstrate a loss or harm and does not state the action or remedy that will satisfy the claim in the grievance, the grievance will not be accepted and returned to the inmate with an explanation as to what was missing in order for the grievance to be processed.

      B.     A Grievance will not be used as an inmate request form (DOC 3012) to advise staff of issues, actions or conditions that they do not like but suffered no harm or loss.

      C.     A Grievance must be legible, with a clearly defined remedy requested.

2. All allegations of inmate abuse by Department staff, employees, agents or independent contractors, shall be immediately reported to the Warden, AWs, and the Inspector General's Office, in accordance with investigator guidelines via the NOTIS reporting system.

    A.    Any grievance reporting of sexual abuse against an inmate will be referred to the Warden or designee for entry into the NOTIS reporting system and referral to the Office of the Inspector General.

    B.    Inmates who allege abuse other than sexual abuse will be interviewed by a supervisor of the staff who allegedly committed the abuse to ascertain if he/she agrees to pursue administrative remedies, which will be documented in the NOTIS system.

    3.    Only inmate claims arising out of, or relating to, issues within the authority and control of the Department may be submitted for review and resolution. Non-grievable issues include:

A. State and federal court decisions.

B. State, federal and local laws and regulations.

C. Parole Board actions and/or decisions.

D. Medical diagnosis, medication or treatment/care provided by a private/contract community hospital.

4. Claims for which the inmate lacks standing will not be accepted, including, but not limited to:

    A.    Filing a grievance on behalf of another inmate unless the inmate is so physically or emotionally handicapped as to be incapable of filing a grievance, and with the other inmate's approval, or in the case(s) of any third party reporting of Sexual Abuse.

    B.    The inmate filing the grievance was not a direct participant in the matter being grieved, except a third party allegation of sexual abuse.

    C.    An inmate may not file more than one (1) grievance per seven (7) day week, Monday through Sunday. More than one (1) grievance filed during the seven day week period will not be accepted, .unless it alleges sexual abuse or it is an emergency grievance that involves health or safety claims.

    D.    The inclusion of more than one grievance issue, per form will be cause for the grievance to not be accepted.

    E.    Grievances that have the same issue in a previously filed grievance will not be accepted, even if the requested action or remedy is different on the subsequent grievance.

5. In the event an inmate's claim is not accepted ornot within the intended scope of this Regulation, the inmate may not appeal that decision to the next procedural level.

6. An inmate whose grievance is denied in its entirety may appeal the grievance to the next level, within the substantive and procedural requirements outlined herein, unless the action requested has already been Granted at a lower level.

    A. Administrators or employees of the institution shall automatically allow appeals without interference unless the grievance is granted..

    B. An inmate's election not to sign and date any grievance form at any level shall constitute abandonment of the claim.

    C. If the Grievance is **"Granted"** at any level, the grievance process is considered complete and the inmate's administrative remedies exhausted, and the inmate cannot appeal the decision to a higher level.

7. Time limits shall begin to run from the date an inmate receives a response.

8. An overdue grievance response at any level is not an automatic finding for the inmate.

    A. The response must be completed, even if it is overdue.

    B. The inmate may proceed to the next grievance level, if a response is overdue.

    C. The overdue response does not count against the inmate's timeframe for an appeal if he or she waits for the response before initiating the appeal.

9. Inmates who participate in or utilize the Inmate Grievance Procedure shall not be subjected to retaliation, i.e. an assertion that an employee took some adverse action against an inmate for filing a grievance, except as noted in 740.05, where the action did not reasonably advance a legitimate correctional goal.

    A. Retaliation is a grievable issue.

    B. An unfounded claim of retaliation will be handled as an abuse of the grievance procedure and a disciplinary action may be taken.

10. Comprehensive responses are required for inmate grievances. Statements such as "Your grievance is denied" are not acceptable. An explanation is necessary.

## 740.04   ABUSE OF THE INMATE GRIEVANCE PROCEDURE

1. Inmates are encouraged to use the Grievance Procedure to resolve addressable claims where the inmate can define a specific loss or harm, however, they are prohibited from abusing the system by knowingly, willfully or maliciously filing excessive, frivolous or vexatious grievances, which are considered to be an abuse of the Inmate Grievance Procedure. Any of the below listed violations will result in the grievance being not accepted and disciplinary action may be taken.

2. It is considered abuse of the inmate grievance procedure when an inmate files a grievance that contains, but is not limited to:

   A. A threat of serious bodily injury to a specific individual.

   B. Specific claims or incidents previously filed by the same inmate.

   C. Filing two (2) or more emergency grievances in a seven (7) day week period, Monday through Sunday which is deemed not to be emergencies may result in disciplinary action against the inmate for abuse of the grievance system. Disciplinary action may be generated by the Warden or designee for abuse of the emergency grievance process.

   D. Obscene, profane, and derogatory language.

   E. Contains more than one (1) appropriate issue, per grievance.

   F. The claim or requested remedy changes or is modified from one level to another.

   G. More than two (2) continuation forms (DOC 3097) per grievance.

   H. Alteration of the grievance forms or continuation forms. This includes writing more than one line, on each line provided on the grievance form.

3. If an inmate files a grievance as listed in (2), the Grievance Coordinator shall:

   A. Return the original improper grievance with a Form DOC-3098, Improper Grievance Memorandum, noting the specific violation.

   B. A copy will be put in the inmate's grievance file.

4. An inmate who satisfies the criteria contained in 740.04 Section 2 above should:

   A. Be brought to the attention of the Grievance Coordinator as soon as possible.

   B. The Grievance Coordinator should review all documentation supporting the alleged abuse to determine if abuse has occurred and forward a written recommendation to the Warden.

   C. If the recommendation is approved the Warden can assign the appropriate level supervisor or administrator to write a Notice of Charges on the inmate.

   D. The supervisor or administrator will forward the Notice of Charges to the Warden for processing through the inmate disciplinary process.

      E.      A conduct violation of this nature is not a form of retaliation.

      F.      An inmate may not be disciplined for filing a grievance related to alleged sexual abuse unless the Department has demonstrated that the inmate filed the grievance in bad faith.

      G.      NDOC will not respond to an improper grievance that results in a DOC-3098 under AR 740.

## 740.05 REMEDIES TO GRIEVANCES

1. Grievance remedies should be determined with the goal of appropriately resolving legitimate claims at the lowest level of review possible, considering each institution's particular operational, security and safety concerns.

2. Remedies available for grievances may include, but are not limited to, the following:

      A.      Resolve unsafe or unsanitary conditions of confinement.

      B.      Address the violation of an inmate's constitutional, civil or statutory rights.

      C.      Protect inmates from criminal or prohibited acts committed by Departmental employees and staff or other inmates.

      D.      Revise, clarify and implement written Departmental and institutional rules or procedures necessary to prevent further violations.

      E.      To provide a disabled or physically impaired inmate with reasonable accommodation or reasonable modification.

      F.      Monetary reimbursement for property loss, damage, personal injury, tort, or civil rights claims arising out of an act or omission of the Department of Corrections or any of its agents, former officers, employees or contractors.

3. The staff person rendering a decision on a grievance for a proposed monetary remedy may be submitted to the Deputy Director of Support Services who may award monetary damages at any level of the Inmate Grievance. Once approved:

      A.      A Form DOC-3096, Administrative Claim Release Agreement, will be completed and submitted by the inmate on all monetary claims, except for personal property damage or loss.

      B.      A Form DOC-3027, Property Claim Release Agreement, will be completed and submitted by the inmate on all monetary claims for personal property damage or loss.

      C.      When property claims are settled informally at an institution, DOC-3027 Property Release Agreement will be completed.

4.      Compensation for loss of personal property, property damage, personal injury or any other claim arising out of a tort shall not exceed five hundred ($500.00).

### 740.06  INMATE TRANSFERS

1.      Inmates transferred to another institution pending the resolution of a filed grievance shall have the grievance completed at the sending institution at all levels.

      A.      The receiving institution is responsible for logging in and tracking the grievance through NOTIS.

      B.      All responses and correspondence shall be conducted via first class mail to the Grievance Coordinator at the receiving institution.

2.      Timeframes do not apply if the inmate has been transferred. Grievances shall be processed as soon as practicable and timeframes shall be adhered to as closely as possible If an inmate's sentence expires or leaves the Department on parole, the grievance will be finalized on the current level. No further appeal may occur. It is the responsibility of the inmate to provide a forwarding address during the release process in order to receive a grievance response.

### 740.07  EMERGENCY GRIEVANCE PROCEDURE

1.      An emergency shall be considered life threatening for the inmate or a Safety and Security risk for the institution.

2.      An Emergency Grievance (Form DOC-1564) received by any staff member shall be immediately delivered to the nearest supervisor no later than is reasonable and necessary to prevent serious injury or a breach of security. The Emergency Grievance shall be reviewed within 24-hours of receipt and documented in NOTIS.

3.      Any emergency grievance alleging that an inmate is subject to substantial risk of imminent sexual abuse shall be immediately forwarded to the highest ranking staff member on duty so that corrective action may be taken immediately which may include moving the inmate to administrative segregation for protective custody.

      A.      The inmate shall receive a response to the emergency grievance within 24-hours, with a final facility decision about whether the inmate is in substantial risk of imminent sexual abuse within two (2) regular calendar days.

      B.      The response, final decision and the action taken in response to the emergency grievance will be documented. Action taken can include, but is not limited to:

            (1)    Refer the information to the Inspector General's Office;

            (2)    Afford the inmate appropriate medical, mental health care; and

            (3)    Address any safety considerations.

4. The shift supervisor may confer with the on duty medical staff, Warden or Associate Warden, to determine whether the grievance constitutes an emergency.

5. The highest-ranking staff member on duty, with the aid of an authorized Department official, shall immediately take any corrective measures necessary to prevent a substantial risk of injury or breach of security.

6. The Department official receiving the Emergency Grievance should respond to the filing inmate no later than is necessary to prevent serious injury or a breach of security.

7. In the event the inmate requests further review of a claim not deemed an emergency, the inmate may file a grievance appeal commencing at the Informal Level.

8. A copy of the emergency grievance will be forwarded to the Grievance Coordinator for entry into NOTIS for processing and tracking purposes.

## 740.08  INFORMAL GRIEVANCE

1. At the Informal Level, an inmate shall file a grievance (Form DOC-3091) after failing to resolve the matter by other means such as discussion with staff or submitting an inmate request form (DOC 3012).

2. Grievances should be reviewed, investigated and responded to by the Department Supervisor that has responsibility over the issue that is being grieved or designated person.

      A.      High Risk Prisoner (HRP) status. HRP is a high risk potential offender that creates risk to inmates and staff.

            (1) Informal Level grievances will be responded to by the Warden or designee.

            (2) First Level grievances will be responded to by the Deputy Director or designee.

            (3) Second level grievances will be responded to by the Director or designee.

      B.      Informal grievances addressing medical or dental issues should be responded to by a charge nurse or designee of the Director of Nursing at the institution.

      C.      Informal grievances addressing mental health issues should be responded to by the Psychologist III, or Mental Health Supervisor at each facility.

      D.      If the person who would normally respond to a grievance is the subject of the grievance, the Supervisor over the person should respond to the Informal Grievance.

3.      The response to the grievance should be substantial, referencing all policies, procedures, rationale, and/or circumstances in finding for or against the inmate.

4.      The inmate shall file an informal grievance within the time frames noted below:

      A.      Within six (6) months, in compliance with NRS 209.243, if the issue involves personal property damage or loss, personal injury, medical claims or any other tort claims, including civil rights claims.

      B.      Within ten (10) calendar days if the issue involves any other issues within the authority and control of the Department including, but not limited to, classification, disciplinary, mail and correspondence, religious items, and food.

      C.      When a grievance cannot be filed because of circumstances beyond the inmate's control, the time will begin to start from the date in which such circumstances cease to exist.

      D.      Time frames are waived for allegations of sexual abuse regardless of when the incident is alleged to have occurred.

      5.      An inmate shall use Form DOC-3097, Grievant Statement Continuation Form, if unable to present the details of their claim in the space provided, limited to two continuation form pages ora maximum of twon continuation form pages. All documentation and factual allegations available to the inmate must be submitted at this level with the grievance.

      6.      All grievances submitted should also include the remedy sought by the inmate to resolve this claim. Failure to submit a remedy will be considered an improper grievance and shall not be accepted.

7.      If the inmate's remedy to their grievance includes monetary restitution or damages, then the inmate will get the following forms from unit staff, unit caseworker, or law libraries:

      A.      Form DOC-3026, Inmate Property Claim, which shall be completed and submitted in addition to the grievance for all property loss or damage claims.

      B.      Form DOC-3095, Administrative Claim Form, which shall be completed and submitted in addition to the grievance for all personal injury, tort, or civil rights claims.

8. Failure by the inmate to submit a proper Informal Grievance form to the Grievance Coordinator or designated employee, within the time frame noted in 740.08, number 4, shall constitute abandonment of the inmate's grievance at this, and all subsequent levels.

    A. When overdue grievances are received, they will be logged into NOTIS.

    B. The grievance response Form DOC-3098 will note that the inmate exceeded the timeframe and no action will be taken.

9. If the issue raised is not grievable, or the grievance is a duplicate of a prior grievance, the Grievance Coordinator will return the grievance to the inmate with Form 3098 noting the reason.

10. The inmate shall file an Informal Grievance form that states "for tracking purposes" when an issue goes directly to the Warden (first level) for a decision such as disciplinary appeals, visiting denials, any allegation of sexual abuse or mail censorship.

11. Grievances alleging staff misconduct pursuant to *Administrative Regulation (AR) 339 "Employee Ethics and Conduct, Corrective or Disciplinary Action, and Prohibitions and Penalties"* will be reviewed by the Warden and if deemed appropriate will be forwarded to the Office of the Inspector General through NOTIS.

    A. The Informal Response will reflect this action being initiated.

    B. The Inspector General's Office will have 90 calendar days to respond to this allegation.

12. The time limit for a response to the informal grievance is forty-five (45) calendar days from the date the grievance is received by the grievance coordinator to the date returned to the inmate.

    A. The inmate must file an appeal within five (5) calendar days of receipt of the response to proceed to the next grievance level.

    B. Transmission of the grievance to another institution may result in exceeding this timeframe.

### 740.09    FIRST LEVEL GRIEVANCE

1. A First Level Grievance (Form DOC-3093) should be reviewed, investigated and responded to by the Warden at the institution where the incident being grieved occurred, even if the Warden is the subject of the grievance.

    A. The Warden may utilize any staff in the development of a grievance response. The grievance will be responded to by a supervisor that has authority over the issue claimed in the grievance.

      B.    First Level medical/dental issues should be responded to by the highest level of Nursing Administration at the institution (DONs I or II).

      C.    First Level mental health issues should be responded to by the Psychologist IV or highest ranking Psychologist at the institution.

      D.    First Level property issues should be responded to by the Associate Warden of Operations.

2. All grievances containing allegations of sexual abuse will be referred to the Inspector General's Office for investigation.

      A.    Allegations of sexual abuse will not be referred to a staff member who is the subject of the accusation of sexual abuse.

      B.    The Inspector General's Office shall make a final decision on the merits of any portion of the sexual abuse grievance within 90 calendar days of the initial filing of the grievance and if applicable the matter assigned for official investigation.

      C.    The Inspector General's Office may claim an extension of time to respond to a sexual abuse grievance of up to an additional 70 calendar days if the normal time period for response is insufficient to make an appropriate decision.

      D.    The Inspector General's Office shall notify the inmate in writing of any such extension and provide a date by which a decision will be made.

      E.    Upon the completion of the investigation into sexual abuse the inmate shall be informed of the outcome of the investigation by the Inspector General's Office.

3. At this level the inmate shall provide a justification to continue to the first level.

4. A First Level Grievance that does not comply with procedural guidelines shall be returned to the inmate, with instructions using Form DOC-3098.

      A.    Third parties, including fellow inmates, staff members, family members, attorneys, and outside advocates shall be permitted to assist inmates in filing a grievance(s) relating to allegations of sexual abuse.

      B.      If a third party files on behalf of the inmate, the facility may require as a condition of processing the request that the alleged victim agree to have the request filed on his or her behalf.

      C.      If a third party files on behalf of the inmate, the facility may also require as a condition of processing the grievance, the alleged victim to personally pursue any subsequent steps in the grievance process.

5. The time limit for a response to the inmate for the First Level grievance is forty-five (45) calendar days from the date the grievance is received by the grievance coordinator to the date returned to inmate.

      A.      The inmate must file an appeal within five (5) calendar days of receipt of the response to proceed to the next grievance level.

      B.      Transmission of the grievance to another institution may result in exceeding this timeframe.

## 740.10  SECOND LEVEL GRIEVANCE

1. A Second Level Grievance (Form DOC - 3094) should be reviewed and responded to by the:

      A.      Deputy Director of Operations for facility custody or security operations that do not include programs.

      B.      Deputy Director of Programs for all program issues such as education, visiting, or religious programming.

      C.      The Deputy Director of Support Services for fiscal, property and telephone issues.

      D.      The Offender Management Administrator (OMA) for classification and timekeeping issues.

      E.      The Medical Director for medical/ dental issues, including medical co-pays or charges.

      F.      The Mental Health Director for mental health issues.

      G.      The inmate may appeal the decision related to a sexual abuse grievance response from the Inspector General's Office within five (5) calendar days of the grievance, with a subsequent response from the Deputy Director for security, program, religious and operations.

2. The Grievance Coordinator shall forward copies of all related documents and the appeal to the Deputy Director for review and distribution to other Appointing Authorities and Division Heads.

3.     The time limit for a response to the inmate for the Second Level grievance is sixty (60) calendar days, not including transmittal time, from the date the grievance is received by the grievance coordinator to the date it is returned to inmate.

4.     Administrators shall respond to the Second Level Grievance, specifying the decision and the reasons for the decision, and return it to the Grievance Coordinator.

**APPLICABILITY**

1. This regulation requires an operational procedure for each institution and facility.

2. This regulation requires an audit.

**REFERENCES**

ACA Standards, 4th Edition and 2008 Supplement, 4-4105, 4-4276, 4-4284, 4-4344, 4-4394, 4-4429, 4-4429-1

_____        11/20/18
James Dzurenda, Director        Date