# EXHIBIT M

04/11/2024
DECLARATION OF RICHARD HOUCK

# EXHIBIT M

```
1  AARON D. FORD
     Attorney General
2  SAMUEL L. PEZONE, JR. (Bar No. 15978)
     Deputy Attorney General
3  State of Nevada
   Office of the Attorney General
4  555 E. Washington Ave., Ste. 3900
   Las Vegas, Nevada 89101
5  (702) 486-4070 (phone)
   (702) 486-3773 (fax)
6  Email: spezone@ag.nv.gov

7  *Attorneys for Defendants*
```

AARON D. FORD
Attorney General
SAMUEL L. PEZONE, JR. (Bar No. 15978)
Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
(702) 486-4070 (phone)
(702) 486-3773 (fax)
Email: spezone@ag.nv.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LEANDRE MARTELL,<br><br>     Plaintiff,<br><br>v.<br><br>JULIE WILLIAMS, *et al.*,<br><br>     Defendants. | Case No. 2:22-cv-00858-RFB-BNW<br><br>**DECLARATION OF<br>RICHARD HOUCK** |

I, Richard Houck, being first duly sworn, under penalty of perjury under the laws of the United States deposes and says:

1. The statements made in this declaration, unless indicated to be on information and belief, are based on my personal knowledge.

2. Up until 2023, I was employed as a Correctional Case Work Specialist I at High Desert State Prison ("HDSP"), a correctional facility within the statewide prison system operated by the Nevada Department of Corrections ("NDOC"), having my place of employment in Indian Springs, Nevada.

3. I am a Defendant in the matter of *Martell v. Williams, et al.*, now proceeding in the United States District Court, District of Nevada, as Case Number 2:22-cv-00858-RFB-BNW. I make this declaration in support of Defendants' Motion for Summary Judgment.

4. From 2021 through 2022, I was assigned to Unit 2 at HDSP. My duties included coordinating and obtaining work and programming opportunities for inmates in

1  Unit 2. With respect to grievances, I was responsible for collecting grievances from the
2  unit's grievance lockbox daily and delivering these directly to operations. I was also
3  responsible for returning inmates their grievances that had received a response or a
4  rejection notice, and I was responsible for obtaining the inmate's signature.

5    5.    Often there was a substantial delay between when the grievance would
6  receive a response or rejection, based upon the dates on the grievance and/or rejection
7  notice, and when I would receive the grievance from operations to return to the inmate.

8    6.    While the general practice among inmates was to submit their grievances to
9  the unit lockbox, inmates submitting them through staff was not unheard of. There were
10 occasions when I was asked by an inmate to accept a new grievance or a resubmission, and
11 I have never refused to accept any inmate's grievance in this manner. Likewise, I would
12 never have withheld a grievance in lieu of delivering it to operations, even if it did concern
13 me.

14   7.    I did not have much of any relationship with Plaintiff, Leandre Martell
15 (Martell), while he was in Unit 2. I do not recall that Martell ever attempted to hand me a
16 grievance for resubmission. Even though I did handle his grievances, I generally do not
17 read and have no recollection of the contents of any inmate grievance. I certainly never said
18 that to any inmate that they "would not be going home if [I] had anything to with it."

19   8.    On review of Martell's grievances from Unit 2, it appears they were mostly
20 about credit calculation, and did not mention me at all. I had nothing whatsoever to do with
21 the calculation of an inmate's credits; the Offender Management Division (OMD) is
22 responsible for that. I do not know anything about how an inmate's credits are calculated.
23 I was happy to help facilitate inmates' access to jobs and programs that would earn them
24 work and merit credits toward their sentence, but I had nothing to do with applying those
25 credits once proof was submitted to OMD.

26   9.    It appears that Martell may not have received the DOC 3098 in Grievance No.
27 2006-31-30791, but I do not recall that this grievance was ever given to me to return to
28

1  Martell. If it had been given to me, I would have returned it and provided a conformed copy
2  to operations for the institution's records.
3      10.    Even if I had read these grievances, given their contents, I would have had no
4  reason to refuse to accept the resubmission of these grievances, or to withhold them from
5  operations if they were submitted through the lockbox. I have nothing whatsoever against
6  Martell, and for all I know he had a legitimate reason for bringing the issue to OMD's
7  attention.
8      FURTHER I declare under penalty of perjury pursuant to 28 U.S.C § 1746 that the
9  foregoing is true and correct.
10     EXECUTED this 1st day of May, 2024.

          /s/ *Richard Houck*
          Richard Houck