# EXHIBIT N

04/11/2024
DECLARATION OF JULIE WILLIAMS

# EXHIBIT N

AARON D. FORD
  Attorney General
SAMUEL L. PEZONE, JR. (Bar No. 15978)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
(702) 486-4070 (phone)
(702) 486-3773 (fax)
Email: spezone@ag.nv.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LEANDRE MARTELL,<br><br>        Plaintiff,<br><br>v.<br><br>JULIE WILLIAMS, *et al.*,<br><br>        Defendants. | Case No. 2:22-cv-00858-RFB-BNW<br><br>**DECLARATION OF ASSOCIATE WARDEN JULIE WILLIAMS** |

I, Julie Williams, being first duly sworn, under penalty of perjury under the laws of the United States deposes and says:

1. The statements made in this declaration, unless indicated to be on information and belief, are based on my personal knowledge.

2. I am employed as an Associate Warden at High Desert State Prison ("HDSP") a correctional facility within the statewide prison system operated by the Nevada Department of Corrections ("NDOC"), having my place of employment in Indian Springs, Nevada. I have been employed as an Associate Warden at this institution since at least 2021.

3. Prior to 2023, I served as the Associate Warden of Programs (AWP) at High Desert State Prison. As AWP, I supervised the institution's case work specialists, free staff, and administrative assistants. I was not responsible for supervising custody staff, who would have been within the Associate Warden of Operation's chain of command.

4. Pursuant to HDSP Operational Procedure (OP) 740, in my capacity as AWP I also served as the Grievance Coordinator for HDSP. I was responsible for reviewing grievances and either issuing a rejection memorandum or directing appropriate staff to investigate the grievance's allegations and respond accordingly.

5. In my capacity as an Associate Warden at HDSP, I have knowledge of the processes by which inmate institutional grievances and institutional files are received, indexed, stored, maintained, archived, and subsequently searched and retrieved within the NDOC and HDSP, whether in electronic form or paper form, in the ordinary course of the operations of prison administration.

6. Pursuant to NRS 209.351, the powers vested in and appointments made by the Director of the NDOC, and Administrative Regulation ("AR") 560, my duties as the Associate Warden of HDSP include being responsible for the supervision of the institutional files for inmates incarcerated at HDSP.

7. Accordingly, I am a custodian of records for HDSP Operational Procedures, Inmate Institutional Grievance Files, and Institutional Files (I-Files) of all inmates who currently reside at HDSP, and I have personal knowledge of the matters asserted herein and am competent to testify thereto, save for those matters asserted on information and belief, and for those matters, I am informed and believe them to be true.

8. I am a Defendant in the matter of *Martell v. Williams, et al.*, now proceeding in the United States District Court, District of Nevada, as Case Number 2:22-cv-00858-RFB-BNW. I make this declaration in support of Defendants' Motion for Summary Judgment.

9. I hereby certify that attached hereto as Exhibit C, is a true and correct copy of a NOTIS report entitled "Historical Bed Assignments." This report provides a record of the inmate's housing location while under NDOC custody. This report is run and maintained in the ordinary course of business.

10. I hereby certify that attached hereto as Exhibit I, is a true and correct copy of a NOTIS report entitled "Grievance History Report." This report provides a record of the

inmate's grievance history while under NDOC custody. This report is run and maintained in the ordinary course of business.

11. I hereby certify that records attached hereto as Exhibits J, K, and L are true and correct copies of physical grievances and grievance responses on file for Grievance Nos. 2006-31-29079, 2006-31-30791, and 2006-31-38728 contained in the Grievance File of inmate Leandre Martell (Martell). These records are maintained in the ordinary course of business in the inmate's Grievance File.

12. Inmates in each unit have access to a unit lockbox to which they can submit their grievances. These lockboxes are accessible to the unit case work specialist, who in turn will empty the lockboxes daily and deliver their contents to a secure lockbox in Operations. From there, my Administrative Assistant would retrieve the grievances and enter every grievance, without exception, into the Nevada Offender Information Tracking System. I would then receive the grievances and determine, pursuant to NDOC Administrative Regulation (AR) 740, whether to reject the grievance or refer it out for investigation and a response.

13. Richard Houck was a former Case Work Specialist (CCS) I, and he was assigned to Unit 2 at HDSP from 2021 through 2022.

14. Sgt. Willie D. Clayton was and still is the supervising custody staff over several units at HDSP. However, at the time I was still AWP, Sgt. Clayton was not within my chain of command. I do not know if Sgt. Clayton was ever assigned to Unit 2 at HDSP.

15. It appears the Plaintiff, Leandre Martell, was housed in Unit 2 between September 27, 2021, and February 17, 2022.

16. On review of Martel's Grievance File and Grievance History Report, it appears Martell submitted a grievance concerning statutory good time credits on September 6, 2021, in 2006-31-29079. Associate Warden Dreesen rejected Martell's grievance. In the DOC 3098, Associate Warden Dreesen specifically instructed Martell to resubmit his grievance, stating in full the alleged "factual harm/loss, action and remedy," via the lockbox in his segregation unit. Martell signed for receipt of the DOC 3098 on December 3, 2021.

17. On November 1, 2021, in the interim, Martell submitted an out of turn appeal to the second level under a different grievance number, 2006-31-30791. On December 1, 2021, I issued a DOC 3098 rejecting this grievance as out of turn and because it lacked proof of any submission to the first or informal level. In the DOC 3098, I instructed Martell that he could resubmit the grievance with proof that an informal and first level grievance was previously filed under 2006-31-30791.

18. I am unaware of whether Houck received these DOC 3098s. In any event, Martell never resubmitted either of these grievances.

19. I was not aware of any issues Martell was allegedly having submitting grievances through Houck until sometime after Martell's release, when I reviewed Grievance No. 2006-31-38728. Neither Sgt. Clayton nor Martell informed me of issues Martell was allegedly having with Houck regarding submission of grievances.

20. Had I known of any issue between the inmate and Houck, I would have had Houck's direct supervisor pick up the grievance from the inmate in lieu of Houck.

21. I hereby certify that attached hereto as Exhibit H is a true and correct copy of a HDSP Operational Procedure 740 – Inmate Grievance Procedure, effective December 2, 2016. This OP is maintained in the ordinary course of business at HDSP.

FURTHER I declare under penalty of perjury pursuant to 28 U.S.C § 1746 that the foregoing is true and correct.

EXECUTED this 1st day of May, 2024.

/s/ *Julie Williams*
Julie Williams