# EXHIBIT O

AR 740
EFFECTIVE 04/28/2022

EXHIBIT O



**NEVADA DEPARTMENT OF CORRECTIONS**
**ADMINISTRATIVE REGULATION**

## OFFENDER GRIEVANCE PROCEDURE
## ADMINISTRATIVE REGULATION – 740

**SUPERSEDES:** AR 740 (02/12/10); AR 740 (Temporary 06/16/14); AR 740 (09/16/14); AR 740 (Temporary 01/03/17); AR 740 (03/07/17); AR 740 (08/30/17); AR 740 (Temporary 11/20/18); AR 740 (Temporary 04/15/22)

**EFFECTIVE DATE:** April 28, 2022

**AUTHORITY:** NRS 209.131; NRS 209.243; NRS 41.031; NRS 41.0322; NRS 41.0375; 34 U.S.C. § 30301, et seq., and Federal Register 28, Code of Federal Regulation (CFR) Part 115

### PURPOSE

The purpose of this Administrative Regulation (AR) is to set forth the requirements and procedures of the administrative process that Nevada Department of Corrections (NDOC and Department) offenders must utilize to resolve addressable grievances and claims including, but not limited to, claims for personal property, property damage, disciplinary appeals, personal injuries, and any other tort or civil rights claims relating to conditions of confinement. Offenders may use the Offender Grievance Procedure to resolve addressable offender claims only if the offender can factually demonstrate a loss or harm. This procedure describes the formal grievance process and will guide NDOC employees in the administration, investigation, response, and resolution of offender grievances.

The provisions of this AR are not retroactive and do not apply to incidents and/or claims that occurred prior to the effective date of this AR. Only offender claims arising out of, or relating to, issues within the authority and control of the NDOC, may be submitted for review and resolution by way of the grievance process. A good faith effort will be made to resolve legitimate offender claims without requiring the offender to file a formal grievance. This AR does not create any right, liberty, or property interest, or establish the basis for any cause of action against the State of Nevada, its political subdivisions, agencies, boards, commissions, departments, officers, or employees.

### RESPONSIBILITY

The Director, through the Deputy Directors, shall be responsible for establishing and supervising the offender grievance process that provides an appropriate response to an offender's claim, as well as an administrative means for prompt and fair resolution of offender problems and concerns.

The Deputy Director and/or designee shall be responsible for Second Level Grievances. The Warden through the Associate Wardens (AW) shall be responsible for managing the grievance process at each institution including any facilities under the control of the parent institution. The AW may designate an Offender Grievance Coordinator to conduct functions required by this regulation under the AW's authority and supervision.

### 740.01    ADMINISTRATION OF OFFENDER GRIEVANCES

1. All grievances will be entered into Nevada Offender Tracking Information System (NOTIS), whether accepted or not.

2. Each institution and/or facility shall establish lockboxes in a location where all offenders have access to submit their grievances directly into the lockbox. The Warden will issue the keys to an AW and/or a designated staff member.

    A. Lockboxes will be maintained in segregation and maximum security housing units in a way the offender will be allowed to have direct access. Designated staff may go cell to cell to pick up grievances in segregation and maximum security housing units, due to security and safety concerns.

    B. Emergency grievances will be hand-delivered to any staff member for immediate processing.

3. Grievances will be treated as legal correspondence and will be gathered daily, Monday through Friday, excluding holidays, by the AW or designated Grievance Coordinator and/or designated staff member.

4. Grievance forms will be kept in housing units and may be accessed through unit staff, the unit Correctional Casework Specialist (CCS), and/or in the Institutional Law Library.

5. Grievances may be GRANTED, DENIED, PARTIALLY GRANTED, ABANDONED, DUPLICATE, NOT ACCEPTED OR GRIEVABLE, RESOLVED, SETTLED, WITHDRAWN; or referred to the Office of the Inspector General (IG) at any level, as deemed appropriate after the claim in the grievance has been investigated. All *Prison Rape Elimination Act* (PREA) grievances must be immediately referred to the IG. Grievance findings or responses will not be titled "Substantiated."

6. The Grievance Coordinator must record receipts, transmittals, actions, and responses on all grievances into NOTIS within three (3) working days of receipt.

    A. The Grievance Coordinator must sign, date, and enter the approximate time, as noted on the Informal Grievance Form (DOC 3091), First Level Grievance Form (DOC 3093), and Second Level Grievance Form (DOC 3094).

    B. The front page of the grievance must be date stamped on the day it is entered into NOTIS.

7. Monthly and annual grievance reports, generated by NOTIS, will be reviewed by the DDs, Wardens, and AWs on a quarterly and annual basis.

## 740.02   GRIEVANCE RECORDS

1. Grievance documents shall be stored at the facility and/or institution where the grievance was issued. The result of the grievance shall be input into NOTIS.

   A. Grievance files shall be in separate files for each offender and maintained in alphabetical order.

   B. Grievance copies shall not be placed in an offender's Institutional File (I-File) or Central file, nor shall they be available to employees not involved in the grievance process, unless the employee has a need for the information in the grievance or the responses to the grievance.

2. Grievance files shall be maintained at each institution for a minimum of five (5) years following the final disposition of the grievance.

3. Employees who are participating in the disposition of a grievance shall have access to records essential to the disposition of only the grievance.

4. Offenders will not have access to grievance records unless ordered by a court, as grievance records are considered confidential and may be redacted, if appropriate.

5. Upon completion of each level of the grievance process, the form, and copies of all relevant attachments shall be maintained in the offender's separate grievance file. Originals will be given to the offender.

## 740.03   GRIEVANCE ISSUES

1. Offenders may use the Offender Grievance Procedure to resolve addressable offender claims only if the offender can factually demonstrate a loss or harm. Grievances may be filed to include, but not limited to, personal property, property damage, disciplinary appeals, personal injuries, and any other tort claim or civil rights claim relating to conditions of institutional life. The offender must state the action or remedy that will satisfy the claim in the grievance.

   A. If the offender does not factually demonstrate a loss or harm and does not state the action or remedy that will satisfy the claim in the grievance, the grievance will not be accepted and will be returned to the offender with an explanation as to what was missing for the grievance to be processed.

   B. A grievance will not be used as an Offender Request Form (DOC 3012) to advise staff of issues, actions, or conditions that they do not like, but suffered no harm or loss.

    C. A grievance must be legible, with a clearly defined remedy request.

2. All allegations of offender abuse by Department staff, employees, agents, and/or independent contractors, shall be immediately reported to the Warden, AWs, and the IG, in accordance with investigator guidelines in the NOTIS reporting system.

    A. Any grievance reporting sexual abuse against an offender will be referred to the Warden or designee for entry into the NOTIS reporting system and referral to the IG.

    B. Offenders who allege abuse other than sexual abuse will be interviewed by a supervisor of the staff who allegedly committed the abuse to ascertain if he/she agrees to pursue administrative remedies, which will be documented in the NOTIS system.

3. All allegations of discrimination on the basis of disability shall be forwarded to the Facility ADA Coordinator and Associate Warden of Programs for expedited review and addressed by appropriate action. The time limit for a response to the informal grievance related to disability discrimination is 14-calendar days from the date the grievance is received by the ADA Facility Coordinator to the date returned to the offender.

4. Only offender claims occurring out of, or relating to, issues within the authority and control of the Department may be submitted for review and resolution. Non-grievance issues include:

    A. State and federal court decisions;

    B. State, federal, and local laws and regulations;

    C. Parole Board actions and/or decisions; and

    D. Medical diagnosis, medication, or treatment/care provided by a private/contracted community hospital.

5. Claims for which the offender lacks standing will not be accepted, including, but not limited to:

    A. Filing a grievance on behalf of another offender, unless the offender is so physically or emotionally handicapped and is incapable of filing a grievance, and with the other offender's approval, or in the case(s) of any third-party reporting of sexual abuse;

    B. The offender filing the grievance was not a direct participant in the matter being grieved, except for a third-party allegation of sexual abuse;

    C. An offender may not file more than one grievance per 7-day week, Monday through Sunday. More than one grievance filed during the 7-day week period will not be accepted unless it alleges sexual abuse or it is an emergency grievance that involves health or safety claims;

    D. The inclusion of more than one grievance issue per form; and

    E. Grievances that have the same issue in a previously filed grievance, even if the requested action or remedy is different on the subsequent grievance.

6. In the event an offender's claim is NOT ACCEPTED or not within the intended scope of this Administrative Regulation, the offender may not appeal that decision to the next procedural level. Instead, the offender must correct the issues that led to the rejection of the grievance, and follow the instructions provided on the Improper Grievance Memorandum DOC 3098, that the offender will receive at the time the rejected or NOT ACCEPTED grievance is returned.

7. An offender whose grievance is denied in its entirety, may appeal the grievance to the next level, within the substantive and procedural requirements outlined herein, unless the action requested has already been granted at a lower level.

    A. Administrators or employees of the institution shall automatically allow appeals, without interference, unless the grievance is GRANTED.

    B. An offender's refusal to sign and date any grievance form, at any level, shall constitute abandonment of the claim.

    C. If the grievance is GRANTED or resolved by SETTLEMENT at any level, the grievance process is considered complete, the offender's administrative remedies exhausted, and the offender cannot appeal the decision to a higher level.

    D. If the grievance is PARTIALLY GRANTED, DENIED, or RESOLVED at any level, the offender must appeal the response to the next grievance level in order for the grievance process to be considered complete and for the offender's administrative remedies considered to be exhausted. If the offender does not timely appeal the grievance to the next level, it will be considered ABANDONED or WITHDRAWN.

8. Time limits shall begin from the date an offender receives a response.

9. An overdue grievance response at any level, is not an automatic finding for the offender.

    A. The response must be completed, even if it is overdue.

    B. The offender may proceed to the next grievance level if a response is overdue.

    C. The overdue response does not count against the offender's timeframe for an appeal if he or she waits for the response before initiating the appeal.

    D. While an overdue grievance at any level is not an automatic finding for the offender, if the Second-Level Grievance response is overdue by more than sixty (60) days, the offender must follow the procedures set forth in Administrative Regulation 740.10.4.

10. Offenders who participate in and/or utilize the Offender Grievance Procedure shall not be subjected to retaliation (i.e., an assertion that an employee took some adverse action against an offender for filing a grievance).

    A. Retaliation is a grievance issue.

    B. An unfounded claim of retaliation will be handled as an abuse of the grievance procedure and disciplinary action may be taken.

11. Comprehensive responses are required for offender grievances. Statements such as "Your grievance is denied," are not acceptable. An explanation is necessary.

## 740.04   ABUSE OF THE OFFENDER GRIEVANCE PROCEDURE

1. Offenders are encouraged to use the Offender Grievance Procedure to resolve addressable claims the offender can define a specific loss or harm; however, they are prohibited from abusing the system by knowingly, willfully, or maliciously filing excessive, frivolous, or vexatious grievances, which are considered an abuse of the Offender Grievance Procedure. Any of the below-listed violations will result in the grievance not being accepted and disciplinary action may be taken.

2. Abuse of the Offender Grievance Procedure is considered when an offender files a grievance that includes but is not limited to:

    A. A threat of serious bodily injury to a specific individual;

    B. Specific claims or incidents previously filed by the same offender;

    C. Filing two (2) or more emergency grievances in a 7-day week period, Monday through Sunday, which are deemed not to be emergencies may result in disciplinary action against the offender for abuse of the grievance system. Disciplinary action may be initiated by the Warden or designee for abuse of the emergency grievance process;

    D. Obscene, profane, and derogatory language;

    E. Contains more than one appropriate issue, per grievance;

    F. The claim or requested remedy changes, or is modified from one level to another;

    G. More than two Grievant Statement Continuation Forms (DOC 3097) per grievance; and

    H. Alteration of the grievance forms or continuation forms. This includes writing more than one line on each line provided on the grievance form.

3. If an offender files a grievance as listed in 740.04.2, the Grievance Coordinator shall:

    A. Return the original, improper grievance with an Improper Grievance Memorandum (DOC 3098), noting the specific violation; and

    B. Place a copy in the offender's grievance file.

4. An offender who satisfies the criteria contained in 740.04.2 should be brought to the attention of the Grievance Coordinator as soon as possible.

    A. The Grievance Coordinator should review all documentation supporting the alleged abuse to determine if abuse has occurred and forward a written recommendation to the Warden;

    B. If the recommendation is approved, the Warden can assign the appropriate level supervisor or administrator to issue a Notice of Charges (NOC) to the offender;

    C. The supervisor or administrator will forward the NOC to the Warden for processing through the offender disciplinary process;

    D. A conduct violation of this nature is not a form of retaliation;

    E. An offender may not be disciplined for filing a grievance related to alleged sexual abuse unless the Department has demonstrated that the offender filed the grievance in bad faith; and

    F. NDOC will not respond to an improper grievance that results in an Improper Grievance Memorandum DOC 3098 under AR 740.

## 740.05 REMEDIES TO GRIEVANCES

1. Grievance remedies should be determined with the goal of appropriately resolving legitimate claims at the lowest level of review possible, considering each institution's particular operational, security, and safety concerns.

2. Grievance remedies available may include, but are not limited to, the following:

    A. Resolve unsafe or unsanitary conditions of confinement;

    B. Address the violation of an offender's constitutional, civil, or statutory rights;

    C. Protect offenders from criminal or prohibited acts committed by Department

       employees or other offenders;

    D. Revise, clarify and implement written Departmental and institutional rules or procedures necessary to prevent further violations;

    E. Provide an offender with a disability or physical impairment with reasonable accommodation or reasonable modification; and

    F. Monetary reimbursement for property loss, damage, personal injury, tort, or civil rights claims arising out of any act or omission of NDOC or any of its agents, former officers, employees, or contractors.

3. The staff person rendering a decision on a grievance for a proposed monetary remedy may submit their findings to the Deputy Director of Support Services, who may award monetary damages at any level of the Offender Grievance Procedure. Once approved:

    A. An Administrative Claim Release Agreement (DOC 3096) will be completed and submitted by the offender on all monetary claims, except for personal property damage or loss;

    B. A Property Claim Release Agreement (DOC 3027) will be completed and submitted by the offender on all monetary claims for personal property damage or loss; and

    C. When property claims are settled informally at an institution, a Property Claim Release Agreement (DOC 3027) will be completed.

4. Compensation for loss of personal property, property damage, personal injury, or any other claim arising out of a tort shall not exceed $500.00.

## 740.06   OFFENDER TRANSFERS

1. Offenders transferred to another institution pending the resolution of a filed grievance shall have the grievance completed at the sending institution at all levels.

    A. The receiving institution is responsible for logging in and tracking the grievance through NOTIS.

    B. All responses and correspondence shall be conducted via first-class mail to the Grievance Coordinator at the receiving institution.

2. Timeframes do not apply if the offender has been transferred. Grievances shall be processed as soon as practicable, and timeframes shall be adhered to as closely as possible. If an offender's sentence expires and/or they leave the Department on parole, the grievance will be finalized at the current level. No further appeal may occur. It is the responsibility of the

offender to provide a forwarding address during the release process to receive a grievance response.

**740.07  EMERGENCY GRIEVANCE PROCEDURE**

1. An emergency is an issue or situation that is life-threatening for the offender or a safety and security risk for the institution.

2. An Emergency Grievance (DOC 1564) received by any staff member shall be immediately delivered to the nearest supervisor, no later than is reasonable and necessary, to prevent serious injury or a breach of security. The Emergency Grievance shall be reviewed within 24-hours of receipt and documented in NOTIS.

3. Any Emergency Grievance alleging that an offender is subject to a substantial risk of imminent sexual abuse, must be immediately forwarded to the highest-ranking staff member on duty so that corrective action may be taken immediately, which may include moving the offender to administrative segregation for protective custody.

    A. The offender shall receive a response to the emergency grievance within 24-hours, with a final facility decision about whether the offender is at substantial risk of imminent sexual abuse within two (2) regular calendar days.

    B. The response, final decision, and the action taken in response to the Emergency Grievance will be documented. Action taken may include, but is not limited to:

        1) Refer the information to the IG;

        2) Afford the offender appropriate medical, mental health care; and

        3) Address any safety considerations.

4. The shift supervisor may consult with the on-duty medical staff, Warden, or AW, to determine whether the grievance constitutes an emergency.

5. The highest-ranking staff member on duty, with the aid of an authorized Department official, shall immediately take any corrective measures necessary to prevent a substantial risk of injury or breach of security.

6. The Department official receiving the Emergency Grievance should respond to the filing offender no later than is necessary to prevent serious injury or a breach of security.

7. In the event the offender requests further review of a claim not deemed an emergency, the offender may file a grievance appeal commencing at the Informal Level.

8. A copy of the Emergency Grievance will be forwarded to the Grievance Coordinator for entry into NOTIS for processing and tracking purposes.

## 740.08   INFORMAL GRIEVANCE

1. At the Informal Level, an offender shall file an Informal Grievance (DOC 3091) after failing to resolve the matter by other means, such as discussion with staff or submitting an Offender Request Form (DOC 3012).

2. Grievances should be reviewed, investigated, and responded to by the Department supervisor that has responsibility for the issue that is being grieved or designated person.

    A. High-Risk Prisoner (HRP) status. HRP is a high-risk offender that creates a risk to other offenders and staff.

        1) Informal-level grievances will be responded to by the Warden or designee.

        2) First-level grievances will be responded to by the Deputy Director or designee.

        3) Second-level grievances will be responded to by the Director or designee.

    B. Informal grievances addressing medical or dental issues should be responded to by the Charge Nurse or designee of the Director of Nursing at the institution.

    C. Informal grievances addressing mental health issues should be responded to by the Psychologist III or Mental Health Supervisor at each facility.

    D. Informal grievances addressing discrimination based on a disability shall be forwarded to the Facility ADA Coordinator and/or AW Programs for expedited review and addressed by the appropriate action.

    E. If the person who would normally respond to a grievance is the subject of the grievance, the supervisor over the person should respond to the Informal Grievance.

3. The response to the grievance should be substantial, referencing all policies, procedures, rationale, and/or circumstances in finding for or against the offender.

4. The offender must file an Informal Grievance within the following timeframes:

    A. Within six (6) months, in compliance with NRS 209.243, if the issue involves personal property damage or loss, personal injury, medical claims, or any other tort claims, including civil rights claims.

    B. Within 10-calendar days if the issue involves any other issues within the authority and control of the Department including, but not limited to, classification, disciplinary, mail and correspondence, religious items, and food.

    C. When a grievance cannot be filed because of circumstances beyond the offender's control, the time will begin from the date on which such circumstances cease to exist.

    D. Timeframes are waived for allegations of sexual abuse and disability discrimination regardless of when the incident is alleged to have occurred.

5. An offender must use a Grievant Statement Continuation Form (DOC 3097) if unable to present the details of their claim in the space provided; limited to a maximum of two continuation form pages. All documentation and factual allegations available to the offender must be submitted at this level with the grievance.

6. All grievances submitted should also include the remedy sought by the offender to resolve this claim. Failure to submit a proposed remedy will be considered an improper grievance and shall not be accepted.

7. If the offender's remedy to their grievance includes monetary restitution for damages the offender must obtain the following forms from unit staff, unit CCS, or law libraries.

    A. Offender Personal Property Claim Form (DOC 3026) must be completed and submitted in addition to the grievance for all property loss or damage claims.

    B. Administrative Claim Form (DOC 3095) which shall be completed and submitted in addition to the grievance for all personal injury, tort, or civil rights claims.

8. Failure by the offender to submit a proper Informal Grievance (DOC 3091) form to the Grievance Coordinator or their designee within the timeframe noted in 740.08.4, shall constitute abandonment of the offender's grievance at this and all subsequent levels.

    A. When overdue grievances are received, they will be logged in to NOTIS.

    B. The Improper Grievance Memorandum (DOC 3098) will note that the offender exceeded the timeframe, and no action will be taken.

9. If the issue raised is not grievable, or the grievance is a duplicate of a prior grievance, the Grievance Coordinator will return the grievance to the offender with an Improper Grievance Memorandum (DOC 3098) noting the reason.

10. The offender shall file an Informal Grievance (DOC 3091) that states "for tracking purposes" when an issue goes directly to the Warden (first level) for a decision such as disciplinary appeals, denied visits, any allegation of sexual abuse, or mail censorship.

11. Grievances alleging staff misconduct pursuant to Administrative Regulation 339 Code of Ethics Employee Conduct, will be reviewed by the Warden, and if deemed appropriate, will be forwarded to the IG through NOTIS.

    A. The Informal Response will reflect initiation of the action.

    B. The IG must respond to this allegation within 90 days.

12. The time limit for a response to the Informal Grievance is 45-calendar days from the date the grievance is received by the Grievance Coordinator to the date returned to the offender. The time limit for a response to the Informal Grievance related to disability discrimination is 14-calendar days from the date the grievance is received by the ADA Facility Coordinator to the date it is returned to the offender.

    A. The offender must file an appeal within 5-calendar days of receipt of the Informal Grievance response to proceed to the next grievance level.

    B. If the offender has relocated to another facility from where the incident occurred, transmission of the grievance to another institution may result in exceeding the 5-day timeframe.

## 740.09  FIRST LEVEL GRIEVANCE

1. A First Level Grievance (DOC 3093) should be reviewed, investigated, and responded to by the Warden at the institution where the incident being grieved occurred, even if the Warden is the subject of the grievance.

    A. The Warden may utilize any staff in the development of a grievance response. The grievance will be responded to by a supervisor that has authority over the issue claimed in the grievance.

    B. First Level medical/dental issues should be responded to by the highest level of nursing administration at the institution, the Director of Nursing.

    C. First Level mental health issues should be responded to by the Psychologist IV or the highest-ranking Psychologist at the institution.

    D. First Level property issues should be responded to by the Associate Warden Operations.

2. All grievances containing allegations of sexual abuse will be referred to the IG for investigation.

   A. Allegations of sexual abuse will not be referred to a staff member who is the subject of the accusation of sexual abuse.

   B. The IG shall make a final decision on the merits of any portion of the sexual abuse grievance within 90-calendar days of the initial filing of the grievance, and if applicable, the matter assigned for an official investigation.

   C. The IG may extend the time required to respond an additional 70-calendar days to respond to a sexual abuse grievance if the time period for response in 740.09.2.B is insufficient to make an appropriate decision.

   D. The IG shall notify the offender in writing of any such extension and provide a date by which a decision will be made.

   E. Upon the completion of the investigation into sexual abuse, the offender shall be informed of the outcome of the investigation by the IG.

3. All grievances containing allegations of disability discrimination will be referred to the statewide ADA Compliance Officer for investigation.

4. The offender shall provide a justification for continuing to the First Level.

5. A First Level Grievance that does not comply with procedural guidelines shall be returned to the offender, with instructions for compliance using the Improper Grievance Memorandum (DOC 3098).

   A. Third parties, including fellow offenders, staff members, family members, attorneys, and outside advocates, shall be permitted to assist offenders in filing a grievance(s) relating to allegations of sexual abuse.

   B. If a third party files on behalf of the offender, the facility may require as a condition of processing the request that the alleged victim agreed to have the request filed on his or her behalf.

   C. If a third party files on behalf of the offender, the facility may also require as a condition of processing the grievance, the alleged victim to personally pursue any subsequent steps in the grievance process.

6. The time limit for a response to the offender for a First Level Grievance is 45-calendar days from the date the grievance is received by the Grievance Coordinator to the date it is returned to the offender.

    A. The offender must file an appeal within 5-calendar days of receipt of the First Level response using a Second Level Grievance (DOC 3094) to proceed to the next grievance level.

    B. If the offender has relocated to another facility from where the incident occurred, transmission of the grievance to another institution may result in exceeding the 5 day timeframe.

### 740.10 SECOND LEVEL GRIEVANCE

1. A Second Level Grievance (DOC 3094) should be reviewed and responded to by the:

    A. The Deputy Director of Operations for facility custody or security operations that do not include programs;

    B. The Deputy Director of Programs for all program issues such as education, visiting, or religious programming;

    C. The Deputy Director of Support Services for fiscal, property, and telephone issues;

    D. The Offender Management Administrator for classification and timekeeping issues;

    E. The Medical Director for medical/dental issues, including medical co-pays or charges;

    F. The Mental Health Director for mental health issues; and

    G. The offender may appeal the decision related to a sexual abuse grievance response from the IG within 5-calendar days of the grievance. The appeal should be reviewed and responded to by the Deputy Director of Operations or Deputy Director of Programs.

2. The Grievance Coordinator shall forward copies of all related documents and the appeal to the respective Deputy Director for review and distribution to other Appointing Authorities and Division Heads.

3. The time limit for a response to the offender for the Second Level Grievance is 60-calendar days, not including transmittal time, from the date the grievance is received by the Grievance Coordinator to the date it is returned to the offender.

4. If the Second-Level Grievance is not responded to within 60-calendar days, the offender must submit an Offender Request Form (DOC 3012) to the individual responsible for providing the response to the Second Level Grievance. The Offender Request Form must include a copy of the overdue grievance, or alternatively, provide the grievance number so that the individual responsible for providing a response will be able to ascertain which grievance the offender is referencing in the DOC 3012. If the individual does not provide a response to the DOC 3012

seeking a response or to the underlying grievance within 60 days of receipt of the DOC 3012 seeking a response, the offender will have exhausted the administrative remedy process. The response provided to the offender may inform the offender that additional time is necessary to respond as opposed to a response on the merits of the grievance. If the response informs the inmate that additional time is necessary, then the offender must be provided a timeframe in which a response will be provided. If that timeline is not met, the grievance process will be considered exhausted.

5. Administrators shall respond to the Second Level Grievance, specifying the decision and the reasons for the decision, and return it to the Grievance Coordinator.

**APPLICABILITY**

1. This Administrative Regulation requires an Operational Procedure for each institution and facility.

2. This Administrative Regulation requires an audit.

**REFERENCES:** ACA Standards, 5th Edition 5-ACI-1F-11, 5-ACI-3D-03, 5-ACI-3D-19, 5-ACI-5E-02, 5-ACI-5E-03, 5-ACI-6A-01, 5-ACI-6B-02, 5-ACI-6C-01, 5-ACI-6D-02

_____        4-28-22
Charles Daniels, Director                Date