LEANDRE MARTELL

6077 CHIA AVE.

TWENTY-NINE PALMS, CA. 92277

928-542-7993

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LEANDRE MARTELL | CASE #2:22-CV-00858-RFB-BNW |
| V | PLAINTIFF |
| JUILE WILLIAMS ET, AL | OPPOSITION OF MOTION FOR |
| | SUMMARY JUDGEMENT |

I, LEANDRE MARTELL, PRO SE, IN THIS BEHALFGATION MATTER HEREBY RESPONDS TO THE MOTION FILED BY SAMUEL PEZONE JR ON BEHALF OF MR. HOUCK AND MRS. WILLIAMS.

1. **PROCEDURAL HISTORY**
   PLAINTIFF, {LEANDRE MARTELL} FILED A CIVIL COMPLAINT AGAINST RICHARD HOUCK FOR THE REPEATED ACTIONS OF RETALIATION FOR INTERFERRING WITH AND OR DELAYING THE STANDARD GREIVANCE PROCEDURE ASWELL AS JULIE WILLIAMS FOR BEING NOTIFIED OF THIS OFFICERS ACTIONS AND REFUSING TO INTERVENE PERSUANT TO HER JOB DUTIES, OBLIAGTIONS, AND RESPONSIBILITIES.

2. **SUMMARY OF THE ARGUMENT**
   IN ORDER FOR INMATES TO PROPERLY FILE A WRIT OF HABEUS CORPUS WITH THE COURTS, WE MUST FISRT EXHAUST ALL STATE LEVEL REMEDIES WITHIN THE PRISON. IE: (GREIVANCE PROCEDURE) EVEN IF THE PRISON WARDEN, OR OFFENDER MANAGEMENT DIVISION HAS NO CONTROL OVER TIME COMPUTATION, INMATES MUST FIRST COMPLETE THE 3 LEVELS OF REVIEW GRIEVANCE PROCEDURE.

***THE QUESTION AT HAND IS, HOW CAN INMATES EFFECTIVELY EXHAUST THE REMEDIES OF A FAILING SYSTEM AT HIGH DESERT STATE PRISON IN A TIMELY MANNER?***

BROWN V, UNITED STATES 42 F.SUPP 2D 133 IF A DEFENDANT ENTERS INTO A PLEA BARGAIN, THE COURT HAS THE RESPONSIBILITY TO ENSURE THAT THE DEFENDANT RECEIVES HIS OR HER BENEFIT OF THE BARGAIN.

UNITED STATES V. INGRAM, 979 F.2D 1179 1184 (9TH CIR 1992) SAYS THE COURTS MUST REVIEW "THE LANGUAGE" OF THE PLEA AGREEMENT OBJECTIVELY LIMITING THE PARTIES RIGHTS UNDER THE PLEA AGREEMENT TO THOSE MATTERS UPON WHICH "THEY ACTUALLY AGREED" AND HOLD THE GOVERNMENT TO THE "LITERAL" TERMS OF THE PLEA AGREEMENT.

HOWEVER, INMATES ARE NOT AFFORD THIS RIGHT UNTIL WE EXHAUST THE GRIEVANCE PROCEDURES WITHIN THE PRISON. WHAT IS UNFAIR, PREJUDICE, AND CLEAR RETALIATION TO INMATES FOR BEING FIRST, A CONVICTED FELON, SECONDLY, BEING PART OF A GANG, CERTAIN RACE GROUP/ CLASSIFICATION OR ETHINICTY, SEXUAL PREFRENCE ETC. AN INFORMAL GRIEVANCE THAT SHGOULD TAKE 45 DAYS, LOOK ME 5 MONTHS, AND FURTHER COMPLAINTS DEPOSITED DUE TO THE NATURE OF THE COMPLAINT AGAINST STAFF.

3. **DEFENDANTS CLAIM PLAINTIFF FAILED TO APPEAL THE OVERDUE RESPONSE**
FOCUSING ON DEFENDANTS EXHIBT #J (GRIEVANCE 29079) – WRITTEN ON 9/6/21 RECEIVED ON 9/8/21 REJECTED BY F. DREESEN ON 10/12/21 RETURNED TO PLANTIFF ON 12/3/21. SIGNED BY PLANTIFF AND DEFENDANT HOUCK. INMATES MUST RESUBMIT WITHIN 5 DAYS IN ORDER FOR THE CLAIM TO BE INVESTIGATED. THIS PROCESS ALONE WAS 3 MONTHS IN LENGTH WHICH IS DOUBLE THE AMOUINT OF TIME DETERMINED FOR THIS LEVEL OF THE GRIEVANCE PROCEDURE. (45) DAYS.

FOCUSING ON DEFENDANTS EXHIBIT #I (GRIEVANCE HISTORY REPORT) – GRIEVANCE 29079 IS IN THE SYSTEM BUT DATED INCORRECTLY, OR EDITED! AS SHOWN IN EXHIBIT #J IT WAS REPORTED ON **9/6/21**, RETURNED TO THE GRIEVANCE COORDINATOR ON TO H**10/12/21**, AND GIVEN TO ME ON **12/3/21**.
ON GRIEVANCE 30791 THE DATE REPORTED WAS **11/1/21** RETURNED ON **12/1/21**.
ON GRIEVANCE 35537 THE DATE REPORTED WAS **3/2/22** RETURNED ON **3/31/22**.
HOWEVER, THE ACTUAL SUBMISSION DATES ARE WEEKS BEFORE THE DATE REPORTED.

PURSUANT TO AR 740 (740.02 (1)) THE AWP ASSISTANT HAS (3) DAYS TO HAVE THE REPORT TO THE AWP FOR A SIGNATURE AND RETURN OF THE GRIEVANCE. NEXT THE CASEWORKER (MR. HOUCK) HIMSELF HAS (3) DAYS TO GET THE GRIEVANCE BACK TO INMATES. THE TIME FRAMES DISPLAYED IN H.D.S.P GRIEVANCE PROCESS SHOWS THEY ARE NOT IN COMPLIANCE WITH H.S.D.P PROCEDURES AND OR DEPARTMENT POLICIES. WHO'S DUTY IS IT TO MAKE SURE EVERYTHING FOLLOWS IN ACCORDANCE? "AW JULIE WILLIAMS"!

AFTER TRANSFER TO INDIAN SPRINGS (SDCC) PLAINTIFF WORTE A GRIEVANCE 38728 ON 4/25/22 RECEIVED ON 4/27/22 AND HANDLED BY AW J. NASH ON 4/28/22 AND FOWARDED TO H.D.S.P JULIE WILLIAMS.
WILLIAMS WHO DID NOT ADDRESS MY COMPLAINT UNTIL 8/19/22.
 JULIE WILLIAMS REPLIED TO MY GRIEVANCE STATING PLAINTIFF WAS DISCHARGED AND OUT OF CUSTODY. THIS IS A LIE ON ITS FACE AND INCORRERCT INFORMATION.
 I WAS NOT TRANSFERRED FROM THEIR CUSTODY UNTIL /8/24/22. DUE TO THE FACT PLAINTIFF WAS BEING TRANSFERRED TO CLARK COUNTY JAIL AND NOT BEING RELEASED.

PLAINTIFF INFACT DID LEAVE A FOWARDING ADDRESS DURING THE PRE-RELEASE PAPERWORK FROM THE NEVADA DEPARTMENT OF CORRECTIONS. THE ADDRESS GIVEN WAS (1699 E. WASHINGTON ST. #1319 COLTON CA. 92324). DEFENDANTS LIED ON PAGE 9 LINE 19-20 IN REGARD TO PLAINTIFF NOT LEAVING AN FOWARDING ADDRESS.

4. **PLAINTIFFS ARGUMENT**
   PLAINTIFF CANNOT BE PROCEDURALLY BARRED FROM A SYSTEM THAT WILL NOT FOLLOW THEIR OWN PROCEDURES.
   THE LACK OF CARE AND EFFORT, WILLFUL NEGLIGENCE OF THEIR DAILY DUTIES, POSSIBLY MORESO UNSUPERIVISED AND UNTRAINED EMPLOYEES ARE THE ABSOLUTE REASON WHY THE INMATE GRIEVANCE PROCESS IS FAILING AT H.D.S.P AND HOLDING INMATES BACK FROM PURSUING JUSTICE IN BACK IN COURT. ALL OF WHICH IS SUPERVISED BY JULIE WILLIAMS. IF NOT DIRECTLY, THEN IN-DIRECTLY RESPONSIBLE.

   (SUPERIOR RESPONDEAT) *The legal doctrine according to which an employer is responsible for the actions of its employees performed during the course of their employment.*

   PLAINTIFF CAN ESTABLISH THE DEFENDANTS VIOLATED HIS CONSTITUTIONAL RIGHTS. THIS CIVIL SUIT IS IN THIS COURT TODAY ON ALLEGATIONS OF LEGAL CORRESPONDENCES BEING WITHELD, ALTERED, OR DESTROYED. HAD JULIE WILLIAMS OR ANY OTHER OFFICER AT H.D.S.P BEEN WILLING TO EITHER FORWARD ME A COPY OF THE VIDEO AND AUDIO OF THE DAY SGT CLAYTON PERSONALLY PUT MY GRIEVANCE INSIDE THE LOCK BOX JANUARY 24TH 2022, AT H.D.S.P, OR IF THEY'D JUST ADMIT THAT THERE WAS A GRIEVANCE PUT INTO THE LOCKED BOX BY SGT CLAYTON AT H.D.S.P ON JANUARY 24TH 2022 AGAINST RICHARD HOUCK THAT WAS NEVER SUBMITTED OR LOGGED INTO NOTIS.

   RICHARD HOUCK HAS EN EXTENSIVE HISTORY OF COMPLAINTS AND NOTES IN HIS EMPLOYEE FILE. IN REGARD TO IF NOT THE SAME BUT SIMILAR ALLEGATIONS WITH SUCCESSFUL INVESTIGATIONS DEEMING HIM IN THE WRONG. THIS IS WHAT HE DOES WHILE ON DUTY AS AN OFFICER AT H.D.S.P. THIS FACILITY AND STAFF HAS BEEN CONTINUOUSLY AFFORDING HOUCK THE OPPORTUNITIES TO DO THIS TO INAMTES.

   SGT CLAYTON WOULD BE WILLING TO TESTIFY. CLAYTON MADE IT CLEAR TO ME AT THE TIME I SUBMITTED MY GRIEVANCE TO HIM TO PUT IN THE LOCK BOX. I QUOTE CLAYTON "I WILL PUT IT IN MYSELF, SO IF IT COMES UP MISSING, WE KNOW WHY".

   OF COURSE DEFENDANTS WILL ARGUE I NEVER CORRECTED AND RESUBITTED ANY GRIEVANCES BECAUSE THEY ARE NOT LOGGED. AS THE CLAIMS SETS ON ALLEGATIONS OF MR. HOUCK NOT DOING HIS JOB DUTIES AS A UNIT CASEWORKER, WHILE MAKING ME FEEL PERSONALLY ATTACKED.

5. **SUMMARY OF REAL INTEREST**
   DEFENDANTS MOTION FOR SUMMARY JUDGEMENT REST ENTIRELY ON THE FACT OF MY TIME COMPUTATION GRIEVANCE THAT WAS NOT ACCEPTED, OR "RESUBMITTED". THOSE ARE NOT THE REAL ISSUES IN THIS COMPLAINT. REGARDLESS OF HOW IT HAPPENED, THE TWO MOST IMPORTANT PEOPLE IN THIS WHOLE GRIEVANCE PROCEDURE IS THE UNIT CASEWROKER (HOUCK) AND THE GREIVANCE COORDINATOR (WILLIAMS).

DUE TO THE FACT PLAINTIFF AND HOUCK HAD PRIOR VERBAL ENGAGEMENTS THAT DID NOT END WITH MUTAL UNDERSTANDINGS, AS WELL AS HOUCK NEGLIGENCE IS THE REASON WHY I COULD NOT COMPLETE AN INORMNAL, 1ST LEVEL GRIEVANCE PROCEDURE {WHICH TAKES (45) DAYS} THE ENTIRE YEAR THAT I WAS HOUSED IN THE N.D.O.C. CLEARLY THE PLAINTIFFS GRIEVANCE HISTORY REPORT DEFENDANTS EXHIBIT #I, PLAINTIFF WAS DETERMINED TO GET HIS GRIEVANCES FILED AND RESPONDED TO SO THAT PLAINTIFF CPOULD MOVE FORWARD TO THE NEXT LEVEL OF THE GRIEVANCE PROCEDURE IF NECESSARY. A GOAL NOT ONCE ACCOMPLISHED WHICH PREVENTED PLAINTIFF FROM PROPERLY BRINGING A VALID CLAIM BACK TO THE COURTS.

NEXT, PLAINTIFF WAS BEING RETALITED AGAINST FOR MAKING CLAIMS ABOUT THE UNIT CASEWORKER AND MY CLAIMS WERE NOT BEING SUMBITTED OR SIMPLE BEING DESTROYED AND WITH HELD. THE FINALLY WHEN JULIE WILLIAMS DID ADDRESS MY 2ND COMPLAINT IN REGARD TO HOUCK NOT FILING MY GRIEVANCES WHICH ONLY GOT THROUGH BECAUSE IT WAS FILED BY ANOTHER PRISON AND CASWOKER, JULIE WILLAIMS TOOK THE EASY WAY OUT ON 8/19/22 STATING I WAS DISCHARGED FROM CUSTODY WHICH IS A LIE ON ITS FACE. PLAINTIFF WAS NOT OUT OF CUSTODY UNITL 8/24/22.

6. **CLOSING**

DEFENDANTS WERE NOT HELPFUL TO MY DISCOVERY REQUEST, OF VIDEO, AUTO AND WORK-RELATED EMAIL CORRESPONDENCES BETWEEN CLAYTON AND WILLIAMS. MAYBE WHAT I ASKED FOR IS CONFIDENTAL. I WOULD LIKE TO CALL SGT CLAYTON AS A WITNESS FOR TRIAL.  MY REQUEST FOR ADMISSIONS AND INTEROGATORIES WERE NEVER REPLIED TO. SO YES, I DO LACK PHYSICAL EVIDENCE AT THIS MOMENT OF THE CASE. I WOULD LIKE AN APPOINTMENT OF COUNCIL TO ASSIST ME. I FEEL BULLIED AND TAKEN ADVANTAGE OF DUE TO MY LACK OF LEGAL KNOWLEDGE.

HOWEVER, I HAVE DATES AND TIMES FOR ANY LEVEL OF INVESTIGATION TO PROVE MY ALLEGATIONS BECAUSE NOTHING WAS HANDLED IN PRIVACY. IT WAS ALWAYS OUT ON THE TIER, WITHIN THE UNIT, EQUIPED WITH VIDEO AND AUDIO FOOTAGE.  IF ALLOWED TO PASS SUMMARY JUDGEMENT, PLAINTIFF CAN HOPEFULLY BE APPOINTED COUNCIL DUE TO MY LACK OF AVAILABLE RESOURCES.

ATTACHED AS MY ONLY EXHBIT WOULD BE THE PLAINTIFFS APPEAL TO THE SUPREME COURT, AND ALL FILE NUMBERS ASSOCIATED WITH MY REASONS FOR FILING THESE GRIEVANCES WITH N.D.O.C AT H.D.S.P, DEALING WITH  RICHARD HOUCK, AND JULIE WILLIAMS.

<u>LEANDRE MARTELL</u>
PRO SE, CIVIL LITIGANT