FILED
APR 28 2022
ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____ DEPUTY CLERK

## In The Supreme Court Of The State Of Nevada

| LEANDRE MARTELL | |
|---|---|
| APPELLANT | SUPREME COURT NO. 84482 |
| VS. | DISTRICT COURT NO. A-21-845587-W |
| THE STATE OF NEVADA | DEPT NO. #24 |
| RESPONDENT | |

### Appellant's Informal Brief

**1. Judgement Or Order You Are Appealing**

| FILED DATE | NAME OF JUDGEMENT OR ORDER |
|---|---|
| 02-22-2022 | PETITION FOR WRIT OF HABEAS CORPUS (DENIED) |

**2. Notice Of Appeal Filed On** 03-17-2022

**3. Related Cases**

| CASE NO. | CASE TITLE | NAME OF COURT |
|---|---|---|
| C-21-356786-1 | DOMESTIC BATTERY | 8TH JUDICIAL DISTRICT DEPT #15 |
| A-22-849774-W | WRIT OF HABEAS CORPUS | 8TH JUDICIAL DISTRICT DEPT #15 |
| C-21-356464-1 | ATTEMPT COERCION | 8TH JUDICIAL DISTRICT DEPT #24 |
| A-21-845587-W | WRIT OF HABEAS CORPUS | 8TH JUDICIAL DISTRICT DEPT #24 |

**4. Pro Bono Counsel.** YES ☐  NO ☒

RECEIVED
APR 28 2022
CLERK

22-13530

## TABLE OF CONTENTS

| PAGE # | TITLE |
|---|---|
| 1 | COVER SHEET - INFORMATION |
| 2 | TABLE OF CONTENTS |
| 3 | CASES, LAW & LEGAL AUTHORITIES |
| 4 | STATEMENTS - JURISDICTIONAL / ROUTING / ISSUES |
| 5 | STATEMENTS - CASE / FACTS |
| 5 | ARGUMENT #1 APPELLANT PLEA WAS UNKNOWINGLY |
| 6 | "            CONTINUED                    " |
| 7 | "            CONTINUED                    " |
| 8 | "            CONTINUED                    " |
| 9 | ARGUMENT #2 INEFFECTIVE ASSISTANCE OF COUNSEL |
| 10 | ARGUMENT #3 STATE BREACH GUILTY PLEA AGREEMENT |
| 11 | ARGUMENT #4 APPELLANT NOT ALLOWED EQUAL OPPORTUNITY |
| 12 | "            CONTINUED                    " |
| 13 | ARGUMENT #5 CUMULATIVE EFFECT |
| 13 | Conclusion |
| 14 | CERTIFICATE OF SERVICE |

## CASE, LAW & LEGAL AUTHORITIES

| PAGE # | CASE |
|---|---|
| 9 | JAMISON V. KIEM, 544 F.3d 266 (3d CIR 2008).......... |
| 9 | HILL V. LOCKHART, 877 F.2d 698 (8TH CIR 1989).......... |
| 9 | McMANN V. RICHARDSON, 397, 759, 771, 90 S.Ct. 1441, 25 LED 2d 763 (1970).......... |
| 10 | SANTOBELLO V. NEW YORK, 404 U.S 257 30 L.ED 2d 427 92 S.Ct 495 (1991).......... |
| 10 | BROWN V. U.S, 42 F. SUPP. 2d 133 (D. PUERTO RICO 1998)... |
| 11 | UNITED STATES V. INGRAM, 979 F.2d 1179, 1184 (9TH CIR 1992) |
| 11 | BELL V. ERCOLE S.D.N.Y (2009) 636 F. SUPP 2d 406...... |

NRS

| 5 | 207.190, 193.330.......... |
| 6 | 209.4465.......... |

FEDERAL

| 10 | RULE 11 (A)(1)(C).......... |

## Jurisdictional Statement

On 06-16-21 appellant entered into a guilty plea agreement (G.P.A) with the state of Nevada. This binding contract consisted of a stipulated term of 12-30 months in the Nevada Department of Corrections. The state promised not to file the two pending charges DA# 2021158550 and 202116110C. Appellant agreed to also plead guilty in case # C-21-356786. This court has jurisdiction over this appeal.

## Routing Statement

This case is an appeal from a decision and order denying appellants petition for writ of habeas corpus (post-conviction) and motion to withdraw guilty plea filed on December 17th, 2021 that was denied on Febuary 22, 2022.

## Statement of Issues

1. Appellants plea was entered unknowingly and involuntarily as appellant was misinformed of parole eligibility.

2. Appellant did not receive effective assistance of counsel required by the Sixth Amendment.

3. The State of Nevada breached the binding G.P.A making it "void" "null" and "invalid".

4. APPELLANT WAS NOT ALLOWED EQUAL OPPORTUNITY TO ARGUE HIS CLAIM AGAINST THE STATE OF NEVADA.

5. THE CUMULATIVE EFFECT OF THESE ERRORS NECESSITATES THE GRANT OF APPELLANTS PETITION WARRANTING RELIEF.

## STATEMENT OF CASE

I LEANDRE MARTELL, COMES NOW PRO SE BEFORE THIS COURT WISHING TO APPEAL THE DECISION DENYING MY PETITION FOR WRIT OF HABEAS CORPUS AND MOTION TO WITHDRAW THE VOIDED GUILTY PLEA AGREEMENT. I RESPECTFULLY MOVE THIS HONORABLE COURT TO CONSIDER ALL STATEMENTS, FACTS, & PLEADINGS AND MOTIONS FILED UNDER THE FOLLOWING CASE NUMBERS RELATED TO THIS CASE. (A-21-845587-W)

## STATEMENT OF FACTS

APPELLANT WAS CHARGED BY WAY OF AMENDED INFORMATION WITH ATTEMPT COERCION CATEGORY (C) FELONY UNDER NRS 207.190, 193.330 - NOC 55166. APPELLANT SENTENCED TO 12-30 MONTHS CONCURRENT WITH 12-30 MONTHS IN CASE # C-21-356786-1.

## ARGUMENT

1. APPELLANTS PLEA WAS ENTERED UNKNOWINGLY AND INVOLUNTARILY AS APPELLANT WAS MISINFORMED OF PAROLE ELIGIBILITY.

APPELLANT ARGUES THE STATE MISINFORMED AND MISLEAD HIM OF PAROLE ELIGIBILITY WITH INTENTIONS TO PERSUADE APPELLANT INTO PLEADING GUILTY. HAD THE TIME COMPUTATION ERROR BY THE STATE BEEN DONE IN GOOD FAITH, IT "ULTIMATELY" AND "UNDOUBTABLY" MISLEAD APPELLANT TO BELIEVE THERE WAS NO "MANDATORY" MINIMUM SENTENCED TO BE SERVED. APPELLANT BASED HIS DECISION SOLELY ON THE STATEMENTS MADE BY THE STATE WHILE THEY PUT THEIR OFFER ON RECORD. PAGE #4 LINES 8-18 READS:

THE COURT: SIR, SO EITHER WE CAN PUT ON THE PRELIMINARY HEARING AND GO FOWARD, OR HE'S GONNA ACCEPT A NEGOTIATION. IM FINE TO DO EITHER ONE, BUT WE NEED TO MAKE A DECISION.

DEFENSE: YOUR HONOR, IF THE STATE CAN PUT THEIR OFFER ON THE RECORD?

THE STATE: SURE.

DEFENSE: AND, MR MARTELL HE'S LEANING TOWARDS TAKING IT AND THEN HE CAN LET THE COURT KNOW HIS DECISION.

THE COURT: OKAY.

ACCORDING TO NRS 209.4465 THE CATEGORY OF OFFENSE IN WHICH A INMATE IS CONVICTED UNDER MAKES THEM ELIGIBLE OR INELIGIBLE FOR CREDITS REDUCING THE MINIMUM AMOUNT OF TIME TO BE SERVED. CATEGORY (C) FELONIES FALL UNDER THIS GUIDELINE EXCEPT FOR FOUR REASONS.

HERE, THE STATE OFFERED TO AMEND THE CATEGORY OF OFFENSE FROM A (B) TO A (C) FELONY, THIS WAS NOT NECESSARY TO IMPOSE THE 12-30 MONTH SENTENCE! THIS LEFT ROOM TO

REASONABLY INFER IT WAS BEING DONE FOR THE AVAILABILITY OF GOOD TIME, STAT TIME, WORK CREDITS TOWARDS THE MINIMUM SENTENCE.

PAGE #5 LINES #7-12 READS:

THE STATE: I HAVE ALREADY AGREED THAT HE COULD PLEAD GUILTY TO AN ATTEMPT COERCION IN THE OTHER CASE, AND WE HAVE DONE THAT SPECIFICALLY SO IT'S A (C) FELONY INSTEAD OF A (B) SO IT DOESN'T HOLD HIM UP ANY LONGER THAN HE WANTS TO BE AND STIP TO A CONCURRENT 12-30 IN THAT CASE AND DISMISS THE OTHER TWO CASES.

APPELLANT AGAIN QUOTES "SO IT DOESN'T HOLD HIM UP ANY LONGER THAN HE WANTS TO BE"! THIS STATEMENT CLEARLY DEMOSTRATES ANYTHING OTHER THAN A MANDATORY MINIMUM SENTENCE!

WHAT THE STATE SAYS NEXT IS TELLING... PAGE #6 LINES 1-5:

THE STATE: AND YOUR HONOR, IT'S MY UNDERSTANDING HE HAS BEEN IN CUSTODY ABOUT THREE MONTHS, SO WITH A 12-30, HE HAS NO RECORD, IS MY UNDERSTANDING. I BELIEVE HE WOULD BE RELEASED AFTER SIX MONTHS, FIVE TO SIX MONTHS.

AT THE TIME OF OFFERING, THE STATE EXPECTED THE APPELLANT TO SPEND NO MORE THAN NINE MONTHS TOTAL IN CUSTODY! HOW CAN A FIRST TIME FELON IN THE STATE OF NEVADA KNOWINGLY AND VOLUNTARILY UNDERSTAND HE HAD TO SPEND 12 MONTHS, MANDATORY MINIMUM SENTENCE IN CUSTODY BEFORE BEING ELIGIBLE FOR PAROLE?

NEXT, THE STATE CONTINUES IT'S VIGOROUS EFFORT TO PERSUADE ON PAGE #7 lines 10-13:

THE STATE: BY THE POINT WE COULD GET TO THE TWO TRIALS, HE WOULD PROBABLY BE GETTING OUT OF PRISON AND MOVING ON WITH HIS LIFE IF HE WAS TO TAKE THE DEAL TODAY.

BEING INVOKED ON SPEEDY TRIAL CALENDER, THE STATE AGAIN INSINUATES APPELLANT WOULD BE RELEASED RATHER QUICKLY. APPELLANT MUST ADMIT THE JUDGE MADE REFERENCE TO APPELLATE SPENDING 12 MONTHS, BUT AT THE SAME TIME STATED SINCE 1996 WHEN THE SENTENCING STATUE WAS CREATED THE MINIMUM SENTENCE RULE HAS GONE DOWN THE DRAIN! THE JUDGE ALSO STATED APPELLANT WOULD RECEIVE GOOD TIME, WORK TIME, CREDITS FROM PRISON. THESE STATEMENTS ONLY CONFUSED APPELLANT AND CLEARLY AGAIN UNDERMINDS A "MANDATORY MINIMUM" SENTENCE.

AFTER THIS OFFER AND CONVERSATION IT WAS INFACT THE APPELLANTS COUNSELS OBLIGATION AND DUTY TO CONSULT WITH APPELLANT TO MAKE SURE HE UNDERSTOOD, HAD ALL QUESTIONS ANSWERED AND TOOK NOTHING OUT OF CONTEXT. APPELLANT ARGUES HIS ACCEPTANCE WAS BASED SOLELY ON THE STATEMENTS MADE BY THE STATE. NOT BEFORE, BUT AFTER AND BEING THAT APPELLANTS DECISION WAS UNCOUNSELED JUSTIFIES IT TO BE UNKNOWINGLY AND INVOLUNTARILY ENTERED.

2. APPELLANT DID NOT RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL REQUIRED BY THE SIXTH AMENDMENT.

TWO WEEKS BEFORE THE ACCEPTANCE OF THIS PLEA ON 06-02-21 APPELLANT ASKED TO FIRE AND REPLACE HIS COURT APPOINTED COUNSEL AND WAS DENIED. AGAIN ON 07-20-21 WHEN ENTERING INTO PLEA IN DISTRICT COURT, JUDGE ERIKA BALLOU ASKED APPELLANT IF HE WAS HAPPY WITH THE REPRESENTATION RECEIVED FROM HIS COUNSEL? APPELLANT THEN STATED HE WAS HIGHLY UNSATISFIED AND DIDN'T WANT TO PLEAD OUT, STATED HE'D MUCH RATHER GO TO TRIAL BUT WITH DIFFERENT COUNSEL. A HEARING TOOK PLACE AND AGAIN HIS REQUEST WAS DENIED. THIS ACTION ULTIMATELY PRESSURED APPELLANT TO PLEAD GUILTY.

EVEN IN LIGHT OF ACCEPTING THE G.P.A, DEFENSE COUNSEL DID NO MINIMUM RESEARCH IN THE VALIDITY OF THE OFFER TO PROPERLY ADVISE AND CORRECTLY INFORM APPELLANT OF THE CONSEQUENCES OF THE PLEA. "JAMISON V. KLEM, 544 F.3d 266 (3d CIR 2008)" STATES "FAILURE TO ADVISE DEFENDANT OF MANDATORY MINIMUM PENALTY WARRANTED HABEAS RELIEF". HILL V. LOCKHART, 877 F.2d 698 (8TH CIR 1989) STATES "FAILURE OF HILLS LAWYERS TO ASCERTAIN, THROUGH MINIMUM RESEARCH, THE APPLICABLE STATUE GOVERNING PAROLE ELIGIBILITY AND TO INFORM HIS CLIENT ACCURATELY WHEN ASKED ABOUT THAT ELIGIBILITY FELL BELOW THE OBJECTIVE STANDARD OF REASONABLENESS REQUIRED BY THE SIXTH AMENDMENT." M^cMANN V. RICHARDSON, 397, 759, 771, 90 S.Ct. 1441, 25 L.Ed 2d 763 (1970) STATES DURING PLEA NEGOTIATIONS A DEFENDANT IS ENTITLED TO THE ASSISTANCE OF COMPETENT COUNSEL". HERE APPELLANTS ATTORNEY WAS OF NO ASSISTANCE.

3. THE STATE OF NEVADA BREACHED THE BINDING G.P.A MAKING IT "VOID" "NULL" AND "INVALID".

In accordance to Federal Rule 11(A)(1)(C) the state promised not to file pending charges that were at the time still in screening. (DA #202115855C AND DA# 202116110C.) Upon appellants arrival to N.D.O.C the state breached this G.P.A by filing these to charges. First on 10-11-21 case # 21-CR-046567 and again on 11-09-21 case # 21-CR-050959. SANTOBELLO V. NEW YORK, 404 U.S 257, 30 L.ED 2d 427 92 S.Ct. 495 (1991). "When a plea rests in any significant degree on a promise or agreement of the prosecutor, such promise must be fulfilled. On this record appellant bargained and negotiated for a particular plea in order to secure dismissal of more serious charges and at this stage the prosecution is not in a good position to argue that it's inadvertent breach of agreement is immaterial."

It has been nine months since the state said appellant would be released in five or six months. Appellate has six more months to serve befor his release, that's twice as much time the state agreed upon for appellate to serve. In BROWN V. U.S 42 F.Supp. 2d 133 (D. Puerto Rico 1996) "If a defendant enters into a plea bargain, the court has the responsibility to ensure that the defendant receives his or her benefit of the bargain."

United States V. Ingram, 979 F.2d 1179, 1184 (9th Cir 1992) "We shall review the language of the plea agreement objectively "limiting" the "parties" rights under the plea agreement to those matters upon which they "actually agreed" and hold the government to the literal terms of the plea agreement."

Since the filing of the charges the parole board refused to grant appellant parole only to be sent back to Clark County detention center to face additional charges. Appellant is forced to expire his prison term. Had this breach of contract not occured appellant would've most likely been granted parole. Due to be injured and prejudiced, this error isn't one that can be simply corrected by dismissal of additional charges which makes this G.P.A "void", "null" and "invalid". This warrants relief in the form of withdrawl of guilty plea and vacating the original sentence.

4. Appellant was not allowed equal opportunity to argue his claim against the State of Nevada.

Inmate litigations are mandated to be held to a much less stringent standard of a professional lawyer Bell v. Ercole S.D.N.Y 2009, 636 F. Supp 2d 406. When the opposing party files a motion to dismiss, the petitioner is granted equal right to reply. Appellant was not afford this opportunity.

THE PETITION FOR WRIT OF HABEAS CORPUS (POST-CONVICTION) WHEN SUBMITTING REQUEST'S THE PETITIONER TO "BRIEFLY STATE FACTS WITHOUT CITING CASES OR AUTHORITIES". APPELLANT COMPLIES, THE STATE RESPONDS WITH 10 PAGES OF CASES LAW AND AUTHORITIES SUPPORTING THEIR OPPOSITION. WHEN DOES THE PETITIONER HAVE HIS OPPORTUNITY TO PROPERLY ARGUE A CLAIM WITH SUPPORTING LAWS AND AUTHORITIES? THE COURTS ARE SUPPOSED TO APPLY THE LAW TO THE FACTS, BUT SADLY, IT RARELY HAPPENS, LEAVING PETITIONS EASILY DENIED.

APPELLANT FILED A MEMORANDUM WHICH THE CLERK DIDN'T FILE WITH THE COURTS AND INSTEAD FOWARDED IT TO THE SAME ATTORNEY APPELLANT CLAIMED TO BE INEFFECTIVE. THIS SAME ATTORNEY TOLD APPELLANT HE HAD NOTHING TO DO WITH THE WRIT AND WAS NOT FILING ANY MOTIONS OR MEMORANDUMS ON HIS BEHALF! APPELLANT THEN FILED A SECOND MEMORANDUM FILED WITH THE COURTS ON 02-01-22 DAYS BEFORE THE STATE FILED A REPLY. THESE TWO MEMORANDUMS HAD THE INFORMATION OF THE BREACH OF CONTRACT (G.P.A) DUE TO THE FACT AT THE ORIGINAL TIME OF FILING APPELLANT WAS UNWARE OF THE BREACH. NEITHER THE STATE OR COURTS CONSIDERED THE CLAIM EVEN THOUGH IT WAS FILED UNDER THE SAME CASE # A-21-845587-W WITHIN A TIMELY MANNER.

HAD THE FIRST MEMORANDUM BEEN FILED ON 01-13-21 THE STATE AND COURT WOULD'VE HAD ENOUGH TIME TO PROPERLY EVALUATE THE CLAIM WHICH HAD'VE PROBABLY GIVEN A DIFFERENT OUTCOME!

5. THE CUMULATIVE EFFECT OF THESE ERRORS NECESSITATES THE GRANT OF APPELLANTS PETITION WARRANTING RELIEF.

STARTING WITH THE CONTINUOUS REQUEST FOR REPLACEMENT OF COUNSEL WILL RAISE CONFLICT OF INTEREST ENDING WITH INEFFECTIVE ASSISTANCE! THE UNECESSARY EFFORT TO PERSUADE APPELLANT INTO A G.P.A WITH INCORRECT INFORMATION MAKES IT UNKNOWINGLY AND INVOLUNTARILY ENTERED. THE INEFFECTIVENESS OF COUNSEL BEFORE, DURING AND AFTER NEGOTIATIONS, TO THE STATE BREACHING THE BINDING CONTRACT, INJURING AND CAUSING PREJUDICE IN UNFIXABLE WAYS, ALL RAISES A VALID CLAIM FOR RELIEF THROUGH HABEAS CORPUS (POST-CONVICTION).

## CONCLUSION

I, LEANDRE MARTELL TRUTHFULLY STATES FACTS WITHIN THIS BRIEF, NOT ASSUMPTIONS. I MOVE THIS HONORABLE COURT TO DO THE HONORABLE THING. REVERSE THE ORDER DENYING MY PETITION AND GRANT IT ENTIRELY ALLOWING ME TO WITHDRAW MY GUILTY PLEA. VACATE MY SENTENCE AND REMAND ME BACK TO CLARK COUNTY DETENTION CENTER FOR FURTHER PROCEEDINGS! THIS IS NOT AN ATTEMPT TO POINT FINGERS AT ANY JUDGE OR COURT, JUST SIMPLY ORDERING THAT I INFACT DO HAVE A VALID CLAIM.

DATED THIS 15TH DAY, IN THE MONTH OF APRIL, WITHIN THE YEAR OF 2022.

LEANDRE MARTELL

*[signature]*

## CERTIFICATE OF SERVICE

I CERTIFY THAT ON THE DATE INDICATED BELOW, I SERVED A COPY OF THIS COMPLETED INFORMAL BRIEF FORM UPON ALL PARTIES TO THE APPEAL AS FOLLOWS:

☐ BY PERSONALLY SERVING IT UPON HIM/HER; OR

☒ BY MAILING IT BY FIRST-CLASS MAIL WITH SUFFICIENT POSTAGE PREPAID TO THE FOLLOWING ADDRESS(ES) (LIST NAMES AND ADDRESS(ES) OF PARTIES SERVED):

- SUPREME COURT OF NEVADA
  OFFICE OF THE CLERK
  201 S. CARSON STREET #201
  CARSON CITY, NEVADA 89701

*[signature: Leandre Martell]*

LEANDRE MARTELL #1248296
P.O. BOX 208
INDIAN SPRINGS, NV
89070